1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   KAMLESH BANGA,

11              Plaintiff,              No. CIV S-08-1518 LKK EFB PS

12        vs.

13   ALLSTATE INSURANCE COMPANY
     and DOES 1 through 10 inclusive,
14                                      <u>ORDER</u>
               Defendants.
15   _____/

16        Plaintiff brings claims against defendant Allstate Insurance Company concerning

17   plaintiff's homeowner's insurance policy.  Because plaintiff is proceeding pro se, this case was

18   assigned to a magistrate judge under Local Rule 302(c)(21) (formerly L.R. 72-302(c)(21)) and 28

19   U.S.C. § 636(b)(1).

20        Defendant moved to dismiss plaintiff's claims.  Plaintiff opposed this motion and moved

21   for leave to file an amended complaint.  On September 22, 2009, the magistrate judge filed

22   findings and recommendations regarding these two motions.  These were served on the parties

23   and contained notice that any objections to the findings and recommendations were to be filed

24   within ten days.  Defendant filed objections on October 9, 2009, and they were considered by the

25   ////

26   ////

1

1 undersigned.[1]  In addition, plaintiff prematurely filed a "Third Amended Complaint" on October

2 21, 2009, which defendant moved to dismiss on November 9, 2009.  On December 28, 2009,

3 plaintiff acknowledged that the Third Amended Complaint was filed prematurely and therefore

4 moved to withdraw that amended complaint.  Because the Third Amended Complaint was filed

5 without leave to amend, plaintiff's motion to withdraw that complaint will be granted and

6 defendant's motion to dismiss that complaint will be denied as moot.

7        This court reviews de novo those portions of the proposed findings of fact to which

8 objection has been made.  28 U.S.C. § 636(b)(1); McDonnell Douglas Corp. v. Commodore

9 Business Machines, 656 F.2d 1309, 1313 (9th Cir. 1981).  As to any portion of the proposed

10 findings of fact to which no objection has been made, the court assumes its correctness and

11 decides the motions on the applicable law.  See Orand v. United States, 602 F.2d 207, 208 (9th

12 Cir. 1979).  The magistrate judge's conclusions of law are reviewed de novo.  See Britt v. Simi

13 Valley Unified Sch. Dist., 708 F.2d 452, 454 (9th Cir. 1983).

14        The court adopts the magistrate judge's findings and recommendations in full, except as

15 they pertain to the unfair competition law ("UCL") claim.[2]  The magistrate judge concluded that

16 the UCL claim failed insofar as it was predicated on violations of 15 U.S.C. §§ 1681m(a) and

17 1681s-2(a), because these statutes did not themselves provide a private cause of action.

18 Conversely, the magistrate judge concluded that the UCL claim could proceed insofar as it was

19 predicated on a violation of 15 U.S.C. § 1681s-2(b), because this section did provide a cause of

20 action.  Under California law, the mere presence or absence of a private right of action in a

21 

22        [1]  On December 28, 2009, plaintiff filed an opposition to defendant's objections to the
September 22, 2009 findings and recommendations, contending that the objections should not be
23 considered because they were untimely. Dckt. No. 36. Although defendant's objections were in fact
untimely, plaintiff's opposition thereto was also untimely.  See Fed. R. Civ. P. 72(b)(2).

24        [2] As noted by the magistrate judge's findings and recommendations, this case has an irregular
procedural history, rooted in the magistrate judge's erroneous order disregarding plaintiff's first
25 amended complaint.  The court adopts the magistrate judge's recommended resolution of these
procedural issues, and treats the motion to dismiss as challenging the first amended complaint.  See
26 Findings and Recommendations, 1-3.

1  statute does not determine whether a violation of that statute may serve as the predicate of a UCL

2  claim.  The court nonetheless concludes that the UCL claim fails as to all three predicates.

**I. Discussion**

4  Plaintiff's first amended complaint ("FAC") alleges that defendant violated the federal

5  Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681m(a),[3] by taking an action adverse to

6  plaintiff on the basis information contained in a consumer report without providing notice to

7  plaintiff.  FAC ¶¶ 11-14.  The FAC alleges that this same conduct violated California's Unfair

8  Competition Law, Cal. Bus. & Prof. Code § 17200 ("UCL").

9  Plaintiff's proposed second amended complaint ("SAC") alleges that defendant violated

10  the FCRA by making false reports to a credit reporting agency, SAC ¶¶ 15-19, and by failing to

11  notify plaintiff that defendant had reported negative information to a credit reporting agency,

12  SAC ¶ 21.  These claims implicate two other provisions of the FCRA, respectively, 15 U.S.C. §§

13  1681s-2(a) and (b).  The SAC alleges that this conduct also violated California's Unfair

14  Competition Law.  The SAC further alleges various common law claims, violation of the

15  California Consumer Credit Reporting Act, and violation of California Civil Code § 1785.26(b)-

16  (c) (itself a section of the California Consumer Credit Reporting Act).

17  The court adopts the magistrate judge's findings and recommendations regarding all but

18  the unfair competition law claim.  To summarize those recommendations, the FRCA claims

19  seeking to enforce 15 U.S.C. §§ 1681m(a) and 1681s-2(a) fail because FCRA does not provide a

20  private right of action for enforcement of these claims.  Plaintiff adequately alleges claims under

21  15 U.S.C. § 1681s-2(b) and California Civil Code § 1785.25(a).  The remaining non-UCL claims

22  fail because plaintiff has not adequately alleged that defendant violated an obligation imposed

23  upon it.

24  Plaintiff's UCL claim must proceed, if at all, on the basis of conduct that is "unlawful"

[3] Although plaintiff cites 15 U.S.C. § 1681m without reference to a particular subsection, subsection (a) is the only one encompassing plaintiff's allegations.

3

because it is in violation of one of the above statutes, as explained in findings and

recommendations.  Conduct that is prohibited by a statute may be actionable under the UCL even

if the predicate statute does not provide a private right of action.  Stop Youth Addiction, Inc. v.

Lucky Stores, Inc., 17 Cal. 4th 553, 561 (1998) (rejecting the argument that plaintiff "should not

be permitted to use the UCL to obtain relief, indirectly, for violation of an underlying statute . . .

that [plaintiff] is not authorized to enforce directly."), id. at 566 (rejecting the argument that "a

private UCL claim is barred whenever the predicate statute fails to afford a private right of

action.").  Thus, the mere fact that the FCRA does not provide a private right of action for

enforcement of 15 U.S.C. §§ 1681m(a) and 1681s-2(a) does not preclude plaintiff from bringing

a UCL claim predicated on violation of those sections.[4]

Nonetheless, the UCL cannot be used to "'plead around' [an] absolute bar[] to relief

contained in other possible causes of action."  Cel-Tech Communications, Inc. v. Los Angeles

Cellular Telephone Co., 20 Cal. 4th 163, 182 (1999).  Insofar as plaintiff's UCL claim is

predicated on a violation of 15 U.S.C. § 1681m(a), 15 U.S.C. § 1681m(h)(8)(B) is a "bar" to

---

[4] Although the California electorate has narrowed the scope of the UCL since Stop Youth Addiction, the current requirement that a plaintiff have personally suffered a loss of money or property does not abrogate the above holding, and the injury requirement has been satisfied in this case. Cal Bus. & Prof. Code. § 17204.  Moreover, it appears that this action, brought by a consumer seeking to enforce what is essentially a consumer protection statute, is the type of claim intended by the California legislature to fall within the scope of the UCL.  C.f. Intervest Mortg. Inv. Co. v. Skidmore, 632 F. Supp. 2d 1005, 1008 (E.D. Cal. 2009) (Karlton, J.) (California legislature did not intend the UCL to permit a guarantor to use the UCL to enforce an FDIC safety and soundness regulation).

I take this opportunity to note that I did not designate my decision in Intervest, 632 F. Supp. 2d 1005, for publication, although neither did I designate it as not for publication or otherwise actively discourage its inclusion in the Federal Supplement.  So far as I am aware, the Federal Supplement's publisher, Thompson West, is free to include district court decisions sua sponte.  I note, however, that in light of the publisher's modern practice, readers should not assume that a decision's inclusion in the Federal Supplement signals a determination by the decision's author that it is particularly noteworthy, cogent, or otherwise worthy of consideration.  Kouba v. Allstate Ins. Co., 523 F. Supp. 148, 151 (E.D. Cal. 1981) (Karlton, J.) ("it is my firm belief that published opinions should be limited to novel matters, knotty legal problems, matters of great public importance, great public interest or where the court wishes to criticize existing law.").

4

1  relief.  Insofar as the UCL claim is predicated on violations of 15 U.S.C. §§ 1681s-2(a) and (b),

2  the claim is preempted by 15 U.S.C. § 1681t(b)(1)(F).

3  **A.       Section 1681m(a)**

4        Section 1681m, relating to "requirements on users of consumer reports," contains the

5  following paragraph:

6              (8) Enforcement.

7                      (A) No civil actions. Sections 616 and 617 [15 U.S.C. §§
                        1681n and 1681o] shall not apply to any failure by any
8                      person to comply with this section.

9                      (B) Administrative enforcement. This section shall be
                        enforced exclusively under section 621 [15 U.S.C. § 1681s]
10                     by the Federal agencies and officials identified in that
                        section.

11

12  15 U.S.C. § 1681m(h)(8).  Subparagraph A does not bar plaintiff's UCL claim.  Although the

13  subparagraph is titled "no civil actions," titles are not themselves controlling.  <u>Fla. Dep't of</u>

14  <u>Revenue v. Piccadilly Cafeterias, Inc.</u>, ___ U.S. ___, ___, 128 S.Ct. 2326, 2336 (2008).  The

15  body of the subparagraph merely provides that the private rights of action provided by those two

16  sections of the Fair Credit Reporting Act do not permit enforcement of section 1681m.  Under

17  <u>Cel-Tech Communications</u>, 20 Cal. 4th at 182, a statute's failure to provide a private right of

18  action is not itself an "absolute bar to suit" for purposes of an unfair competition claim.

19        Subparagraph B, however, is a bar to suit.  Rather than merely describing the scope of

20  particular rights of action, this subparagraph provides that administrative enforcement is the sole

21  enforcement mechanism.  Under <u>Cel-Tech Communications</u>, this is a bar to private suit.

22  Accordingly, as a matter of state law, violation of 15 U.S.C. § 1681m cannot serve as the

23  predicate for a UCL claim.  Because this claim fails as a matter of California law, the court does

24  not address whether a UCL claim predicated on 15 U.S.C. § 1681m(a) would be preempted as a

25  matter of federal law.

26  ////

**B.      FCRA Preemption of Claims Enforcing section 1681s-2**

The remaining possible predicates for plaintiff's UCL claim are violations of 15 U.S.C.

§§ 1681s-2(a) and (b).  The only possible "bar" to this use of these predicates is preemption

under the FCRA.  Accordingly, the court analyzes this issue from the preemption perspective.

"In general, the FCRA does not preempt any state law 'except to the extent that those

laws are inconsistent with any provision of this subchapter, and then only to the extent of the

inconsistency.'"  <u>Gorman v. Wolpoff & Abramson, LLP</u>, 584 F.3d 1147, 1166 (9th Cir. 2009)

(quoting 15 U.S.C. § 1681t(a)).  Two subsections provide exceptions to this general rule,

explicitly preempting certain types of state laws.  <u>See generally</u> <u>Silvas v. E*Trade Mortg. Corp.</u>,

514 F.3d 1001, 1004 (9th Cir. 2008) (citing <u>Bank of Am. v. City and County of S. F.</u>, 309 F.3d

551, 558 (9th Cir. 2002)) (discussing explicit preemption).  One exception lies in section

1681t(b), which specifically applies to subjects regulated by sections 1681s-2(a) and (b), the

remaining possible predicates for plaintiff's UCL claim.  Under this section,

> No requirement or prohibition may be imposed under the laws of
> any State . . . with respect to any subject matter regulated under
> ...
>> (F) section 623 [15 USCS § 1681s-2], relating to the
>> responsibilities of persons who furnish information to
>> consumer reporting agencies, except that this paragraph
>> shall not apply--
>> . . .
>>> (ii) with respect to section 1785.25(a) of the
>>> California Civil Code (as in effect on the date of
>>> enactment of the Consumer Credit Reporting
>>> Reform Act of 1996)

15 U.S.C. § 1681t(b)(1).[5]  Numerous district courts have held that this section "totally preempts

'all state statutory and common law causes of action which fall within the conduct proscribed by

§ 1681s-2.'"  <u>Forester v. Pa. Higher Educ. Assistance Agency</u>, 2009 U.S. Dist. LEXIS 107372,

---

[5]  In addition to the language quoted above, subparagraph (b)(1)(C) of this section applies
to matters regulated under 15 U.S.C. § 1681m.  As noted in the preceding section of this opinion,
because the court concludes that plaintiff's UCL claim predicated on a violation of 15 U.S.C. §
1681m(a) fails as a matter of California law, the court does not address whether this aspect of the
UCL claim is preempted.

6

1    *16-17 (C.D. Cal. Oct. 30, 2009) (quoting <u>Buraye v. Equifax</u>, 625 F. Supp. 2d 894, 899 (C.D.

2    Cal. 2008)); <u>see also</u> <u>Mora v. Harley-Davidson Credit Corp.</u>, 2009 U.S. Dist. LEXIS 61851 (E.D.

3    Cal. July 7, 2009), <u>Howard v. Blue Ridge Bank</u>, 371 F. Supp. 2d 1139, 1143 (N.D. Cal. 2005)

4    (UCL claim predicated on 15 U.S.C. § 1681s-2 preempted), <u>Jaramillo v. Experian Info.</u>

5    <u>Solutions, Inc.</u>, 155 F. Supp. 2d 356, 362 (E.D. Pa. 2001) (Pennsylvania statute preempted to the

6    extent it would allow private enforcement of 15 U.S.C. § 1681s-2).  In a passage in <u>Gorman</u>

7    explicitly demarcated as dicta, the Ninth Circuit observed that "§ 1681t(b)(1)(F) appears to

8    preempt all state law claims based on a creditor's responsibilities under § 1681s-2," although the

9    court held that a separate FCRA preemption provision, section 1681h(e), "suggests that

10   defamation claims can proceed against creditors as long as the plaintiff alleges falsity and

11   malice."  <u>Gorman</u>, 552 F.3d at 1026.

12        It appears to this court that the issue is more complex than these opinions have

13   recognized.  In <u>Cipollone v. Liggett Group</u>, the court interpreted a statute providing that "No

14   requirement or prohibition based on smoking and health shall be imposed under State law . . . ."

15   505 U.S. 504, 515 (1992) (quoting the Public Health Cigarette Smoking Act of 1969 § 5(b)).

16   The plurality opinion held that state law merely imposing "liability" was not preempted,

17   distinguishing imposition of "liability" from imposition of a "requirement or prohibition."  <u>Id.</u> at

18   526 n.24.  (Stevens, J., joined by Rehnquist, C.J. and White and O'Connor, JJ.).  This principle

19   implies that insofar as the UCL is used merely to provide for enforcement of pre-existing

20   obligations, it is not preempted by the FCRA.

21        This aspect of <u>Cipillone</u> plurality's opinion has not been clearly embraced by subsequent

22   decisions.  The Court has held that state laws enforcing federal requirements are not preempted

23   by various other preemption clauses, but the text of those statutes preempted state law only to the

24   extent that it imposed requirements "in addition to or different from" the federal obligations.

25   <u>See, e.g.</u>, <u>Riegel v. Medtronic, Inc.</u>, 552 U.S. 312, 316, 322 (2008) (Medical Device

26   Amendments to the Food, Drug, and Cosmetics Act, 21 U.S.C. § 360k(a)), <u>Bates v. Dow</u>

1   Agrosciences L.L.C., 544 U.S. 431, 439 (2005) (Federal Insecticide, Fungicide, and Rodenticide

2   Act ("FIFRA"), 7 U.S.C. § 137v(b)).   See also Premium Mortg. Corp. v. Equifax Info. Servs.,

3   LLC, 583 F.3d 103, 106 (2d Cir. 2009) (per curiam) (noting that 15 U.S.C. § 1681t(b) was

4   analogous to the statutes at issue in Reigel and Cipillone).  This "in addition to or different from"

5   language is absent from the FCRA.  Indeed, while the FCRA explicitly saves state law that is not

6   "inconsistent" with the FCRA, this savings provision does not apply to subjects regulated under

7   15 U.S.C. § 1681s-2.

8          In this case, the court declines to read this footnote from Cipillone broadly.  The Ninth

9   Circuit has implied that the FCRA preempts plaintiff's UCL claim, and district courts have

10  uniformly found claims of this type to be preempted, although none have discussed this precise

11  issue.  Accordingly, the court concludes that plaintiff's UCL claim is preempted insofar as it is

12  predicated on violations of 15 U.S.C. §§ 1681s-2(a) and (b), and therefore that the UCL claim

13  fails in its entirety.

14                              **II. Conclusion**

15         For the reasons stated above, it is ORDERED that:

16         1.  The proposed Findings and Recommendations filed September 22, 2009, Dckt.

17  No. 29, are ADOPTED IN PART.  The court DECLINES to adopt these Findings and

18  Recommendations as they pertain to plaintiff's Unfair Competition Law claim, and the court

19  ADOPTS the remainder;

20         2.  Defendant's Motion to Dismiss, Dckt. No. 13, is granted;

21         3.  Plaintiff's First Amended Complaint is dismissed with leave to amend;

22         4.  Plaintiff's motion for leave to file a Second Amended Complaint, Dckt. No. 22,

23  is granted in part and denied in part.  Plaintiff may amend to add claims for violation of

24  California Civil Code § 1785.26(a) and 15 U.S.C. § 1681s-2(b).

25         5.  Plaintiff's Motion to Withdraw the "Third Amended Complaint," Dckt. No. 37,

26  is granted;

        6.  Defendant's Motion to Dismiss plaintiff's "Third Amended Complaint," Dckt.

No. 33, is denied as moot; and

        7.  Plaintiff is directed to file, within 30 days of the filing date of this order, a

Fourth Amended Complaint setting forth only those claims identified in the Findings and

Recommendations, without the addition of any new claims.  In addition, plaintiff shall attach to

her Fourth Amended Complaint all reports or documents upon which she relies, including but not

limited to all pertinent credit reports, notices of adverse action, insurance premium assessments,

and correspondence with defendant Allstate.

        IT IS SO ORDERED.

        DATED: March 31, 2010.


                                        LAWRENCE K. KARLTON
                                        SENIOR JUDGE
                                        UNITED STATES DISTRICT COURT

9