IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KAMLESH BANGA,

      Plaintiff,　　　　　　　　　　　　　No. CIV S-08-1518 LKK EFB PS

   vs.

ALLSTATE INSURANCE COMPANY
and DOES 1 through 10 inclusive,

      Defendants.　　　　　　　　　　　　FINDINGS AND RECOMMENDATIONS

_____/

      This case, in which plaintiff is proceeding *pro se*, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1). Defendant Allstate Insurance Company's moves to dismiss plaintiff's fourth amended complaint and to strike plaintiff's punitive damages claim. Dckt. No. 41. For the reasons stated herein, the undersigned recommends that the motion to dismiss be granted in part and denied in part and that the motion to strike be denied.

I.    Background

      In July 2008, plaintiff filed a complaint against defendant Allstate Insurance Company concerning plaintiff's homeowner's insurance policy. Dckt. No. 1. The complaint alleged that defendant violated the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681u ("FCRA"), by

1

failing to provide notice of an adverse action against plaintiff; namely, underwriting plaintiff's homeowner's insurance policy based on information contained in a consumer report and increasing plaintiff's renewal policy premium from $1477 to $2124. *Id.* ¶¶ 4, 7. The complaint also alleged that defendant violated California Business and Professions Code section 17200 by "willfully/negligently collecting excessive premium[s] from plaintiff." *Id.* ¶ 4.

Defendant moved to dismiss plaintiff's claims pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). Dckt. Nos. 9, 13. Before the motion was heard, plaintiff filed a first amended complaint which made only *de minimis* changes. Dckt. No. 14. Plaintiff ultimately filed an opposition to the motion, as well as a motion for leave to file a second amended complaint, which defendant opposed. Dckt. Nos. 22, 23, 24. The proposed second amended complaint alleged that defendant violated the FCRA by making false reports to a credit reporting agency and by failing to notify plaintiff that defendant had reported negative information to a credit reporting agency. Dckt. No. 22.

On September 22, 2009, the undersigned issued an order and findings and recommendations ("F&Rs") recommending that defendant's motion to dismiss the first amended complaint be granted because (1) § 1681m does not provide a private right of action and therefore plaintiff failed to state a claim under FCRA; (2) plaintiff failed to state a claim under California Business and Professions Code section 17200 because that claim was predicated on a violation of FCRA § 1681m; and (3) plaintiff failed to adequately state a claim under the California Consumer Credit Reporting Agencies Act. Dckt. No. 29 at 4-10.

The F&Rs also recommended that plaintiff's motion for leave to file a second amended complaint be granted in part and denied in part. The F&Rs concluded that (1) plaintiff could not state a claim under FCRA § 1681-2(a) because that statute did not provide a private right of action; (2) plaintiff's proposed second amended complaint set forth a prima facie claim pursuant to FCRA § 1681s-2(b); (3) plaintiff's proposed second amended complaint set forth a prima facie claim under California Civil Code section 1785.25(a), based on plaintiff's allegation that

2

defendant furnished to a consumer reporting agency information concerning plaintiff that defendant knew or should have known was inaccurate; (4) plaintiff could not state either a federal or state claim based on defendant's alleged failure to notify plaintiff that it furnished negative information about plaintiff to a consumer reporting agency; (5) plaintiff's proposed second amended complaint set forth a prima facie claim under California Business and Professions Code section 17200 based on plaintiff's prima facie claims under FCRA § 1681s-2(b) and California Civil Code section 1785.25(a); (6) plaintiff failed to state a claim for "Tortious Interference with Credit Expectancy"; (7) plaintiff's proposed second amended complaint stated a prima facie claim for defamation; and (8) plaintiff failed to state a claim for intentional infliction of emotional distress. *Id.* at 12-25.

Accordingly, the F&Rs recommended that plaintiff be directed to file, within 30 days of the filing date of the district judge's order, a third amended complaint setting forth only those claims identified in the order and F&Rs (claims pursuant to 15 U.S.C. § 1681s-2(b), Cal. Civ. Code § 1785.25(a), Cal. Bus. & Prof. Code § 17200, and Cal. Civ. Code § 45 (defamation)), without the addition of any new claims. *Id.* at 25-26.

Defendant objected to the F&Rs, arguing that plaintiff's proposed second amended complaint did not set forth any valid causes of action and that if plaintiff is permitted to file a second amended complaint, any order allowing such a complaint should expressly require that plaintiff attach a copy of the credit report at issue. Dckt. No. 30. Also, while the F&Rs were pending, plaintiff prematurely filed a "Third Amended Complaint," which defendant moved to dismiss. Dckt. Nos. 32, 33. Plaintiff then acknowledged that the third amended complaint was filed prematurely and moved to withdraw that amended complaint. Dckt. No. 37.

The district judge then issued an order on March 31, 2010 adopting the September 22 F&Rs in full, except as they pertained to plaintiff's California Business and Professions Code section 17200 unfair competition law ("UCL") claim. Dckt. No. 39. The district judge held that "[u]nder California law, the mere presence or absence of a private right of action in a statute

does not determine whether a violation of that statute may serve as the predicate of a UCL claim," and therefore declined to adopt the portion of the September 22 F&Rs addressing plaintiff's UCL claim. *Id.* at 2-3. The district judge added that, nonetheless, plaintiff's UCL claim fails in its entirety. *Id.* at 3-8. Accordingly, the March 31 order granted defendant's motion to dismiss, dismissed plaintiff's first amended complaint, and granted in part and denied in part plaintiff's motion for leave to file a second amended complaint.[1] *Id.* at 8. The March 31 order directed plaintiff to file a fourth amended complaint setting forth only those claims identified in the F&Rs, without the addition of any new claims, and directed plaintiff to attach to her fourth amended complaint "all reports or documents upon which she relies, including but not limited to all pertinent credit reports, notices of adverse action, insurance premium assessments, and correspondence with defendant Allstate." *Id.* at 9. The March 31 order also granted plaintiff's motion to withdraw the third amended complaint since that complaint was filed prematurely and denied defendant's motion to dismiss that complaint as moot. *Id.* at 8-9.

Thereafter, plaintiff filed a fourth amended complaint, alleging that defendant furnished false and negative information about plaintiff to a consumer reporting agency; namely, that plaintiff had filed two loss claims in 2005, and that plaintiff was paid $40,938 to settle her fire claims as opposed to $36,584.97, and "failed to inform all the credit bureaus about the result of its investigation." Dckt. No. 40, ¶ 7. The fourth amended complaint also alleges that plaintiff's homeowner's insurance premium increased as a result. *Id.* ¶¶ 9-10. Attached to plaintiff's fourth amended complaint are various documents on which the fourth amended complaint relies. *Id.* at 13-51.

////

---

[1] The order stated: "Plaintiff may amend to add claims for violation of California Civil Code § 1785.2[5](a) and 15 U.S.C. § 1681s-2(b)." Dckt. No. 39 at 8. Although the order did not authorize plaintiff to allege a defamation claim, the order adopted the September 22 F&Rs in full except as to the UCL claim, and the September 22 F&Rs expressly authorized plaintiff to allege a defamation claim (referencing California Civil Code section 45). Dckt. No. 29 at 25.

4

The fourth amended complaint alleges violations of (1) FCRA § 1681s-2(b); (2) the California Credit Reporting Agencies Act, California Civil Code section 1785.25(a); (3) defamation pursuant to California Civil Code section 45 and FCRA § 1681(e); (4) California Business and Professions Code section 17200; (5) negligence; and (6) FCRA § 1681n. *Id.* Defendant now moves to dismiss and/or strike that complaint, arguing that the complaint should be dismissed for failure to comply with the March 31 order and because independent grounds support the dismissal of each of plaintiff's claims. Dckt. No. 41. Defendant also moves to strike plaintiff's punitive damages claim. *Id.*

II.   Motion to Dismiss

   A.   Standards

To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts

5

in the pleader's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421, *reh'g denied*, 396 U.S. 869 (1969). The court will "'presume that general allegations embrace those specific facts that are necessary to support the claim.'" *Nat'l Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 256 (1994) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). The court may consider facts established by exhibits attached to the complaint. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also consider facts which may be judicially noticed, *Mullis v. U.S. Bankr. Ct.*, 828 F.2d at 1388, and matters of public record, including pleadings, orders, and other papers filed with the court. *Mack v. South Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985). However, the court's liberal interpretation of a pro se litigant's pleading may not supply essential elements of a claim that are not plead. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Furthermore, "[t]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). Neither need the court accept unreasonable inferences, or unwarranted deductions of fact. *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). A pro se litigant is, however, entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

   B. <u>Failure to Comply with March 31 Order</u>

Defendant argues, as a preliminary matter, that plaintiff's fourth amended complaint should be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with the March 31 order. Dckt. No. 41 at 14-16. Specifically, defendant contends that plaintiff's fourth amended complaint was not timely filed; reasserts a claim that the court dismissed with

prejudice in the March 31 order; adds new claims, even though such claims were expressly precluded by the March 31 order; and does not include "all documents on which [plaintiff] relies," as required by the March 31 order. *Id.*

Although defendant is correct that plaintiff did not fully comply with the March 31 order, defendant has not shown that dismissal of the fourth amended complaint is warranted under Federal Rule of Civil Procedure 41(b). *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (quoting *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir.1998) ("[I]n order for a court to dismiss a case as a sanction, the district court must consider five factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.'"). Therefore, the undersigned addresses the merits of each of plaintiff's claims.

C.  Plaintiff's Claims

1.  FCRA, 15 U.S.C. § 1681s-2(b)

Defendant moves to dismiss plaintiff's first claim, under 15 U.S.C. § 1681s-2(b), arguing that "the lynchpin allegation to all of Plaintiff's claims, that [defendant] falsely reported that 'she had filed two fire losses claims,' is simply and demonstrably untrue." Dckt. No. 41 at 16. Defendant contends that although plaintiff failed to comply with the portion of the March 31 order requiring her to attach all of the reports or documents on which she relied, the documents plaintiff did attach to her fourth amended complaint demonstrate that defendant did not report that plaintiff "had filed two fire loss claims," as plaintiff alleges. Rather, defendant contends, the reports reflect that there was a fire on June 5, 2005 at plaintiff's home insured by defendant and that two claims were made as a result of that fire – one by plaintiff (the "fire" claim) and one by a third party claimant (the "liability" claim). *Id.* at 10-11 (citing Pl.'s Fourth Am. Compl., Exs. E, J, N). Another report reveals that plaintiff filed a first party claim on January 28, 2007 for water damage. *Id.* at 16. Defendant contends that "[p]laintiff does not, and cannot, legitimately

1  dispute that she personally made two claims under her Allstate homeowners policy [one in 2005
2  and one on 2007], or that another third party liability claim was made (and paid) under the same
3  policy," and that "[t]he report controls over plaintiff's contrary allegations." *Id.* at 17.

4      Defendant also argues that the documents attached to plaintiff's fourth amended
5  complaint reveal that her allegations of harm are baseless. *Id.* at 11. Defendant contends that
6  plaintiff concedes that her Allstate insurance premiums were not increased as a result of the
7  listing of the fire and liability claims in 2005, and that plaintiff's conclusory allegation that she
8  could not obtain favorable insurance rates from other insurers because of defendant's
9  representation that she filed two loss claims in 2005 is "pure speculation." *Id.* (citing Fourth
10 Am. Compl., ¶ 18). Defendant further argues that the reports attached to plaintiff's complaint
11 demonstrate that plaintiff filed a second claim in 2007 for water damage, and that therefore,
12 based on plaintiff's own theory that the filing of two claims will result in higher premiums, the
13 explanation for the higher quotes plaintiff received might have been from the claims plaintiff
14 filed in 2005 and 2007. *Id.*

15     Finally, defendant contends that plaintiff's fourth amended complaint contradicts her
16 earlier allegations. *Id.* Plaintiff initially alleged that when she contacted ChoicePoint and
17 disputed that she had filed two claims in 2005, as was listed on her credit report, defendant
18 "informed that the information was correct." *Id.* (citing proposed Second Am. Compl., ¶ 11).
19 Plaintiff now alleges in her fourth amended complaint that when she contacted ChoicePoint to
20 file a dispute, "plaintiff did not receive any response." *Id.* (citing Fourth Am. Compl., ¶ 14).
21 Defendant argues that because the change in her allegations regarding defendant's response to
22 the inquiry undermines the basis on which the earlier F&Rs found that plaintiff had alleged a
23 claim § 1681s-2(b), plaintiff "has now manufactured a new factual allegation." *Id.* at 12.
24 Specifically, plaintiff now alleges that in November 2008, defendant's investigation "determined
25 that the provided information about plaintiff that she had filed two loss claims was <u>inaccurate</u>.
26 ////

Accordingly, [defendant] updated the information with A-Plus that plaintiff had filed only one claim in 2005; yet it failed to make a correction in the settlement amount. Exhibit K." Fourth Am. Compl., ¶ 17. However, according to defendant, the correspondence with A-Plus reveals that the information provided was "verified" and there is no indication that the information previously provided was false or "inaccurate." Dckt. No. 41 at 12.

Defendant also contends that the amount the plaintiff claims she was paid as a result of the 2005 claim "is also a moving target." *Id.* at 12, n.2. "While plaintiff previously admitted she was paid $38,925, she now complains she was only paid $36,584.97. Further, she references that further payments were made ($40,628 to $41,001) (*see* 4thAC, ¶42); she does not, however, allege that this incremental increase was not in fact paid on her claim." *Id.* Defendant argues that plaintiff cannot "complain that she was harmed when [defendant] refused to 'update' the amount it paid on plaintiff's 2005 fire claim when she presents no evidence that this amount was not paid on the fire claim or that she notified A-Plus of a continued dispute." *Id.* at 22-23.

The FCRA, 15 U.S.C. § 1681s-2(b), identifies what duties providers of information to consumer reporting agencies have upon notice of a dispute regarding the information furnished. Specifically, after receiving notice of a dispute regarding the completeness or accuracy of any information provided to a consumer reporting agency, the person who furnished the information is required to conduct an investigation with respect to the disputed information; review all relevant information provided by the consumer reporting agency; and report the results of the investigation to the consumer reporting agency. 15 U.S.C. § 1681s-2(b). If the investigation finds that the information is incomplete or inaccurate, the provider of the information must report those results to all other consumer reporting agencies to which the information was furnished and that compile and maintain files on consumers on a nationwide basis. *Id.* Finally, "if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly– (I)

modify that item of information; (ii) delete that item of information; or (iii) permanently block the reporting of that item of information." *Id.*

Plaintiff's fourth amended complaint alleges that she reported her dispute to a consumer reporting agency regarding two pieces of inaccurate information reported by defendant: (1) that plaintiff had filed two fire loss claims in 2005 and (2) that she was paid $40,938 to settle her fire claims, as opposed to $36,584.97. Fourth Am. Compl., ¶ 7.

With regard to plaintiff's allegation that defendant falsely reported that plaintiff had filed two fire loss claims in 2005, the documents attached to plaintiff's fourth amended complaint reveal that the allegation fails since the information defendant reported was not inaccurate. Plaintiff alleges that defendant falsely reported that *she* filed two claims in 2005; however, the documents attached to the fourth amended complaint reveal that defendant did not report that plaintiff had filed two claims in 2005.[2] To the contrary, the documents reveal that defendant reported that one fire claim was made in 2005 and one third-party liability claim was made in 2005. *See* Fourth Am. Compl., Exs. E, J, K, N. Plaintiff does *not* allege that such a report was false; rather, plaintiff acknowledges that her neighbor also made a claim as a result of the fire on plaintiff's property.[3] Dckt. No. 43 at 7. Therefore, defendant is entitled to dismissal of plaintiff's § 1681s-2(b) claim to the extent that it is based on plaintiff's allegation that defendant

---

[2] In her opposition, plaintiff argues that her complaint alleges that defendant falsely reported that "plaintiff filed two claims *or* two claims were filed under Plaintiff's insurance policy." Dckt. No. 43 at 3 (emphasis added). However, that is not what plaintiff's fourth amended complaint alleges. Moreover, because plaintiff does not dispute that both she and her neighbor filed a claim as a result of the 2005 fire, plaintiff cannot show that defendant's report that two claims were filed under plaintiff's insurance policy was false.

[3] Instead, plaintiff contends that plaintiff's claim and her neighbor's claim were really one claim since they resulted from the same "occurrence," and that it was improper for defendant to "split" that claim into two claims. Dckt. No. 43 at 7, 8-9. However, as defendant notes, "[t]he question here is not whether Plaintiff's claim and the third party neighbor's claim qualified as one 'occurrence' for coverage determinations about limits and deductibles; instead, the question here is whether Allstate accurately reported that Plaintiff made a claim (the 'fire' claim) while a third-party (Plaintiff's neighbor) made another claim (the 'liability' claim) in 2005. Plaintiff and Plaintiff's neighbor did make such claims in 2005, as Allstate reported." Dckt. No. 45 at 10, n.7.

falsely reported that plaintiff had filed two fire loss claims in 2005. *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 19900 (where the complaint incorporates exhibits, the court should ignore the allegations in the complaint if they are in conflict with facts set forth in the exhibit).

However, plaintiff also alleges that she was paid $40,938 to settle her fire claims, as opposed to $36,584.97, but that defendant reported to consumer reporting agencies that she was paid the former amount. Fourth Am. Compl. ¶ 7. She also alleges that she contacted ChoicePoint Credit in April 2008 to file a dispute that "the amount of settlement Allstate paid to plaintiff was $36,584.97 as opposed to $40,938," but received no response. *Id.* ¶ 14. She further alleges that she filed a dispute with A-PLUS, the Automobile Property Loss Underwriting Service ("A-Plus") in October 2008, once again disputing that defendant had only paid plaintiff $36,584.97 to settle the 2005 claim, not $40,938. *Id.* ¶ 16. She alleges that A-Plus contacted defendant to investigate, but "failed to make a correction in the settlement amount." *Id.* ¶ 17, Ex. K. Plaintiff further alleges that in October 2009, she contacted ChoicePoint again to dispute the amount that plaintiff was paid to settle the 2005 claim, that ChoicePoint contacted defendant, and that defendant informed ChoicePoint that the information was correct and that it had paid plaintiff $41,001 to settle the claims. *Id.* ¶ 21. Plaintiff contends that the credit report maintained by ChoicePoint "continues to reflect the negative information that . . . Allstate had paid plaintiff $41,001 to settle the claims." *Id.*

Defendant does not state that plaintiff was not paid $36,584.97 to settle the claim, as she alleges. Rather, defendant contends that "[p]laintiff's exhibits do not support her allegation that Allstate falsely reported the amount Allstate paid on her first-party fire claim" and that "[w]hile Plaintiff claims that she did not personally recover the amount stated on the reports, the reports do not purport to state the amount that Allstate paid directly to Plaintiff; instead the reports purport to disclose the total amount paid on the claims (the "Loss Amount" and "Payment by Claim Type")." Dckt. No. 45 at 9, n.6. Defendant also contends that "[p]laintiff previously

11

admitted she was paid $38,925, but she now complains she was only paid $36,584.97.  Also, as noted in the latter report, Plaintiff's 2005 fire claim was re-opened." *Id*.  Nonetheless, plaintiff's complaint alleges that she was paid $40,938 to settle her fire claims, as opposed to $36,584.97, yet defendant reported to consumer reporting agencies that she was paid the former amount.  Such allegations, which are not contradicted by the documents supporting plaintiff's fourth amended complaint, are taken as true on a motion to dismiss.

Additionally, although defendant argues that plaintiff's allegations regarding harm are insufficient, plaintiff alleges that the premiums she was quoted were higher than they would have been if defendant had not reported false information.  Fourth Am. Compl, ¶¶ 12, 13, 19, 24; *see also* Dckt. No. 43 at 8, 12.  Although defendant contends that the documents attached to plaintiff's complaint, which show that no insurance company sought a copy of the reports about which she complains, contradict plaintiff's allegation that the inaccurate information had been a substantial factor in precluding plaintiff from receiving the most favorable rate in buying insurance.  Dckt. No. 45 at 10 (citing Banga Decl., Ex. O).  However, plaintiff alleges that she sought quotes from various insurance companies and that the rates she was quoted were higher because of the allegedly inaccurate information, and the documents in support of her fourth amended complaint do not contradict those allegations, which must be taken as true on this motion.  Therefore, plaintiff's allegations of harm are sufficient to withstand defendant's motion to dismiss.

Accordingly, plaintiff sufficiently alleges that she reported her dispute regarding the settlement amount to a consumer reporting agency, which in turn notified defendant, and defendant unsatisfactorily responded that its previously furnished information was accurate.  She also alleges that defendant continued to rely on, and support the further dissemination of, such information.  Necessarily implicit in these assertions is the allegation that defendant failed to meet its obligations under § 1681s-2(b).  As the Ninth Circuit stated in *Gorman*, "the pertinent question is [] whether the furnisher's procedures were reasonable in light of what it learned

about the dispute from the description in the [consumer reporting agency's] notice of dispute." 552 F.3d at 1017.  These procedures include a reasonable investigation pursuant to §1681s-2(b)(1)(A).  *Drew v. Equifax Information Servs.*, LLC 2009 WL 595459, at *8 (N.D. Cal. 2009) (citing *Gorman*).  Therefore, defendant's motion to dismiss plaintiff's § 1681s-2(b) claim that defendant furnished inaccurate information regarding the amount defendant paid to plaintiff as settlement of the 2005 claim should be denied.

        2.  <u>California Credit Reporting Agencies Act, California Civil Code § 1785.25(a)</u>

Defendant also moves to dismiss plaintiff's second claim, under California Civil Code section 1785.25(a), arguing that, as discussed above, the exhibits attached to plaintiff's fourth amended complaint "negate the allegation that the furnished information was false." Dckt. No. 41 at 20.

Additionally, defendant contends that plaintiff's claim that defendant falsely stated how much plaintiff was paid on her 2005 fire claim "is unsupported." *Id.*  According to defendant, "plaintiff provides no evidence to support her conclusory allegation that [defendant] paid her less than the $40,938 previously reported (or that she placed a statement of dispute with any agency)." *Id.*  Defendant adds that Exhibit J to plaintiff's fourth amended complaint notes that the loss amount was "$40,938." *Id.*  Finally defendant contends that "[a]ssuming *arguendo* that Plaintiff received a slightly lesser amount than that stated, the exhibits do not purport to represent exactly what was paid *directly* to plaintiff." *Id.*

California Civil Code section 1785.25(a) provides that "[a] person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."  A furnisher of such improper information may be liable to the consumer for actual and punitive damages, as well as injunctive relief, Cal. Civ. Code §1785.31, unless the furnisher can establish that it nonetheless had in place reasonable procedures to comply with statute. *Id.* § 1725.25(g).

////

For the reasons discussed above, the exhibits to plaintiff's fourth amended complaint contradict plaintiff's allegation that defendant falsely informed a consumer reporting agency that plaintiff had filed two claims in 2005. Rather, the exhibits demonstrate that the information defendant provided regarding the two claims was accurate. Therefore, plaintiff's claim that defendant falsely reported that plaintiff had filed two fire loss claims in 2005, in violation of California Civil Code section 1785.25(a), must be dismissed.

However, also as discussed above, plaintiff has adequately alleged that defendant provided false information to a consumer reporting agency regarding the amount plaintiff was paid on the 2005 fire claim, in violation of California Civil Code section 1785.25(a). Therefore, defendant's motion to dismiss that portion of plaintiff's California Civil Code section 1785.25(a) claim must be denied.

### 3. Defamation

Defendant also moves to dismiss plaintiff's third claim for defamation, arguing that as discussed above, the reports attached to plaintiff's fourth amended complaint reveal that defendant did not report that plaintiff had filed two fire claims in 2005, and that in fact, there was nothing false or defamatory in the reports. Dckt. No. 41 at 18. Additionally, defendant contends that, also as discussed above, plaintiff's claim of harm or injury, as required in a defamation claim, is unsupportable. *Id.* at 18-19.

The requirements for stating a claim of defamation by libel are set forth in California Civil Code Section 45. "Libel is a false and unprivileged publication by writing . . . which exposes any person to hatred, contempt, ridicule, or obloquy, or which causes him to be shunned or avoided, or which has a tendency to injure him in his occupation." Cal. Civ. Code § 45. "[T]o survive a motion to dismiss on a defamation claim, a plaintiff must allege: (1) a defendant; (2) intentionally published a statement of fact; (3) that is false; (4) unprivileged; and (5) has a natural tendency to injure (libel per se) or causes special damages." *Steinmetz v. General Elec. Co.*, 2009 WL 2058792, 5 (S.D. Cal. July 13, 2009). Plaintiff must also prove, pursuant to 15

14

U.S.C. § 1681(e), "that the information was 'false' and 'furnished with malice or willful intent to injure.'" *Gorman*, 552 F.3d at 1028; *Steinmetz*, 2009 WL 2058792, at *5 ("unless a plaintiff alleges a defendant acted with 'malice or willful intent to injure,' a state law defamation claim based on credit reporting activities is expressly preempted by the FCRA"). The appropriate standard for "malice" requires a showing that the publication was made with knowledge that it was false or with reckless disregard of its truth, the latter supported by a showing that defendant in fact entertained serious doubts as to the truth of the publication, rather than having had a good faith reason for believing the truth of the publication. *Gorman*, 552 F.3d at 1028, 1027 (citations omitted).

As discussed above, plaintiff has not adequately alleged that defendant provided any inaccurate information regarding two claims being filed in 2005. Therefore, such an allegation cannot be the basis of a defamation claim against defendant and plaintiff is entitled to dismissal of that claim.

However, plaintiff *has* adequately stated a prima facie defamation claim against defendant based upon defendant's reporting of an alleged incorrect settlement amount. Plaintiff alleges that defendant intentionally reported to a consumer reporting agency that plaintiff received $40,938 and/or $41,001, rather than $36,584.97; that this information was false (and, implicitly, unprivileged); and that this publication caused special damages to plaintiff in the form of poorer rates offered by other insurers than would have been offered had defendant's publication been accurate. Plaintiff further alleges that defendant caused harm to plaintiff's reputation and credit worthiness, an allegation implicitly buttressed by defendant's refusal to correct its report regarding the settlement amount after being informed of plaintiff's dispute. Whether plaintiff will be able to prove those allegations is not the issue on this motion. Rather, the allegations must be taken as true in determining whether to dismiss. Plaintiff has adequately alleged facts meeting the elements of the claim and accordingly, the motion to dismiss plaintiff's claim that defendant defamed plaintiff when it made statements regarding the amount it paid to

1 plaintiff as settlement for the 2005 claim should be denied.

### 4. California Business and Professions Code § 17200

Defendant also moves to dismiss plaintiff's fourth claim for violation of claim California Business and Professions Code section 17200. Dckt. No. 41 at 14. As defendant correctly points out, plaintiff's California Business and Professions Code section 17200 claim was dismissed in its entirety, without leave to amend, in the March 31 order. Dckt. No. 39. Accordingly, plaintiff's California Business and Professions Code section 17200 claim is dismissed from plaintiff's fourth amended complaint without leave to amend.[4]

### 5. Negligence and FCRA, 15 U.S.C. § 1681n

Defendant also moves to dismiss plaintiff's fifth and sixth claims for negligence and FCRA, 15 U.S.C. § 1681n. Dckt. No. 41 at 15. As defendant correctly points out, the March 31 order specifically provided that plaintiff's fourth amended complaint should set forth *only* those claims identified in the F&Rs, and should not add *any* new claims. Dckt. No. 39. Because plaintiff's negligence and FCRA, 15 U.S.C. § 1681n claims were not alleged in any of plaintiff's prior complaints, they are dismissed without leave to amend, in accordance with the March 31 order. *See Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1271 (11th Cir. 2006) (finding that it was reasonable for the trial court to limit amendment to the legal theories already asserted).

## III. Motion to Strike Punitive Damages

Defendant also moves to strike plaintiff's punitive damages claim, arguing that plaintiff's claims for punitive damages fail to allege sufficient facts warranting punitive damages. Dckt. No. 41 at 23. Defendant contends that plaintiff's allegations that defendant's conduct was willful are "speculative and wholly conclusory," and are therefore "insufficient to show intent." *Id.* At 23-24.

---

[4] Plaintiff states in her fourth amended complaint that her California Business and Professions Code section 17200 claim is "for historical purposes only" and that she "does not expect a response [thereto] unless [the] court decides otherwise." Dckt. No. 40 at 8, n.1.

16

Rule 12(f) authorizes the court to order stricken from any pleading "any redundant, immaterial, impertinent, or scandalous matter." A matter is immaterial if it "has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds by* 510 U.S. 517 (1994). A matter is impertinent if it consists of statements that do not pertain to and are not necessary to the issues in question. *Id.* Redundant matter is defined as allegations that "constitute a needless repetition of other averments or are foreign to the issue." *Thornton v. Solutionone Cleaning Concepts, Inc.*, 2007 WL 210586 (E.D. Cal. Jan. 26, 2007) (citing *Wilkerson v. Butler*, 229 F.R.D. 166, 170 (E.D. Cal. 2005)).

Motions to strike are generally viewed with disfavor, and will usually be denied unless the allegations in the pleading have no possible relation to the controversy, and may cause prejudice to one of the parties. *See* 5A C. Wright & A. Miller, *Federal Practice and Procedure: Civil 2d* 1380; *see also Hanna v. Lane*, 610 F. Supp. 32, 34 (N.D. Ill. 1985). However, granting a motion to strike may be proper if it will make trial less complicated or eliminate serious risks of prejudice to the moving party, delay, or confusion of the issues. *Fantasy*, 984 F.2d at 1527-28.

If the court is in doubt as to whether the challenged matter may raise an issue of fact or law, the motion to strike should be denied, leaving an assessment of the sufficiency of the allegations for adjudication on the merits. *See Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970 (9th Cir. 2010); *see also* 5A Wright & Miller, *supra*, at 1380. *Whittlestone* emphasized the distinction between Rule 12(f) and Rule 12(b)(6) and held that Rule 12(f) does not authorize district courts to strike claims for damages on the ground that such claims are precluded as a matter of law. *Id.* at 976. "Were we to read Rule 12(f) in a manner that allowed litigants to use it as a means to dismiss some or all of a pleading . . . we would be creating redundancies within the Federal Rules of Civil Procedure." *Id.*; *see also Yamamoto v. Omiya*, 564 F.2d 1319, 1327 (9th Cir. 1977) ("Rule 12(f) is neither an authorized nor a proper way to procure the dismissal of

all or a part of a complaint.").

Here, defendants seek to use Rule 12(f) to obtain a ruling that plaintiff is not entitled to punitive damages as a matter of law, a ruling that is properly sought under either Rule 12(b) or Rule 56. Plaintiff's fourth amended complaint seeks punitive damages under both 15 U.S.C. § 1681s-2(b) and California Civil Code section 1785.31. To establish punitive damages under either of those sections, plaintiff must allege that defendant's conduct was willful. Plaintiff's fourth amended complaint does allege that defendant's conduct was willful. Fourth Am. Compl. ¶ 22. In light of those allegations, plaintiff's punitive damages cannot be said to be "redundant, immaterial, impertinent, or scandalous." Fed. R. Civ. P. 12(f). Therefore, defendant's motion to strike must be denied.

IV.    Request to Seal

Along with plaintiff's opposition to defendant's motion to dismiss, plaintiff submitted a declaration and supporting exhibits, and a request to file those documents under seal. Although plaintiff contends that the documents contain defendant's confidential and proprietary trade secrets and plaintiff's personal credit information, a review of the materials plaintiff seeks to seal reveals that the documents can be redacted in a way that ensures the protection of confidential or proprietary information, without needing to file all of the documents under seal. Therefore, plaintiff's request to seal her declaration and supporting exhibits will be denied and plaintiff will be directed to file a redacted version of the documents on the public docket.

V.    Conclusion

Accordingly, it is hereby RECOMMENDED that:

1. Defendant's motion to dismiss, Dckt. No. 41, be granted in part and denied in part;

2. Defendant's motion to strike plaintiff's punitive damages claim be denied;

3. Plaintiff's request to file certain documents under seal be denied; and

////

////

4. Plaintiff be directed to file, within seven days of the date of any order adopting these recommendations, a redacted version of her declaration and supporting exhibits.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be filed within seven days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 1, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE