IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KAMLESH BANGA,

      Plaintiff,         No. CIV S-08-1518 LKK EFB PS

      vs.

ALLSTATE INSURANCE COMPANY
and DOES 1 through 10 inclusive,
                ORDER
      Defendants.
_____/

  This case is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1). Currently noticed for hearing on November 2, 2011 is plaintiff's motion for leave to file a sixth amended complaint in this action. Dckt. No. 82. Also pending before the undersigned is defendant's motion to dismiss plaintiff's fourth amended complaint. Dckt. No. 65. For the reasons stated herein, the November 2, 2011 hearing will be vacated, plaintiff's motion to amend will be granted, and defendant's motion to dismiss will be denied as moot.

  This case has a long procedural history.[1] Recently, on March 31, 2011, the court granted in part and denied in part defendant's motion to dismiss plaintiff's fourth amended complaint,

---

[1] The procedural history preceding the filing of plaintiff's fifth amended complaint is discussed in detail in the findings and recommendations issued on March 1, 2011. Dckt. No. 49.

1

and directed plaintiff to file a fifth amended complaint within fourteen days. Dckt. No. 58; *see also* Dckt. No. 49. After obtaining two extensions of time, Dckt. Nos. 61 and 63, plaintiff filed a fifth amended complaint on June 11, 2011. Dckt. No. 64. Defendant timely moved to dismiss that complaint. Dckt. No. 65. However, plaintiff now seeks leave to file a sixth amended complaint. Dckt. No. 82.

In her motion to amend, plaintiff contends that her sixth amended complaint does not add or change any of plaintiff's claims for relief, but instead adds newly obtained additional facts and evidence that was not available to plaintiff at the time she filed her fifth amended complaint. Dckt. No. 82 at 1. Specifically, plaintiff's proposed sixth amended complaint includes new allegations regarding information plaintiff received from defendant in July 2011. *Id.* at 16-21, Proposed Sixth Am. Compl. ¶¶ 20-28, 32-33, 38-39, 46-47, 50. Plaintiff also filed a declaration indicating that the request for leave to amend is made "without undue delay and in good faith." *Id.* at 10.

Defendant strongly opposes plaintiff's motion to amend. *See generally* Dckt. No. 87. In its opposition, defendant contends that the information plaintiff contends is newly discovered "is neither relevant nor 'new,'" and that the information has no bearing on the merits of plaintiff's action. *Id.* at 2, 8. Moreover, defendant contends that amendment is futile for the reasons provided in defendant's motion to dismiss. *Id.*

Rule 15(a)(1) provides that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). Rule 15(a)(2) provides that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Because plaintiff has already amended her complaint numerous times before, plaintiff needs leave of court to file a sixth amended complaint.

Rule 15(a)(2) further provides that "[t]he court should freely give leave when justice so requires." *Id.* The policy of freely granting leave to amend should be applied with "extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). When determining whether to grant leave to amend under Rule 15(a), a court should consider the following factors: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962). According to the Ninth Circuit, "the crucial factor is the resulting prejudice to the opposing party," and the burden of showing that prejudice is on the party opposing amendment. *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003); *DCD Programs*, 833 F.2d at 187. Granting or denying leave to amend rests in the sound discretion of the trial court, and will be reversed only for abuse of discretion. *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996).

Here, the court acknowledges that plaintiff filed her initial complaint in this court over three years ago and has filed five amended complaints since then, which suggests delay by plaintiff. However, the information plaintiff seeks to add to the complaint was provided by defendant in July 2011; therefore, only part of the delay can be attributed to plaintiff. Moreover, there is no indication that plaintiff, who is appearing *pro se*, has made the request for leave to file a sixth amended complaint in bad faith. Further, the court cannot say at this time that amendment would be futile, and to the extent that it might, defendant will have the opportunity to address that concern in a subsequent dispositive motion. Additionally, although defendant has already moved to dismiss plaintiff's fifth amended complaint, the arguments made in support of defendant's motion to dismiss plaintiff's fifth amended complaint can presumably be made in a motion to dismiss plaintiff's sixth amended complaint. Therefore, granting leave to amend does not result in significant prejudice to defendant. The burden of showing prejudice is upon the party opposing the amendment and defendant has not carried this burden. Accordingly, plaintiff's request to file her proposed sixth amended complaint will be granted. *See*

*Duong-Tran v. Kaiser Found. Health Plan of the N.W.*, 2008 WL 1909221, at *4-5 (D. Or. Apr. 28, 2008). Plaintiff will be directed to file her proposed sixth amended complaint as a separate docket entry.

Because plaintiff's sixth amended complaint will supercede her fifth amended complaint, defendant's motion to dismiss plaintiff's fifth amended complaint will be denied. Once filed, the sixth amended complaint will render the fifth amended complaint of no legal effect and the motion to dismiss moot. *See Ramirez v. Silgan Containers*, 2007 WL 1241829, at *6 (Apr. 26, 2007).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to file her proposed sixth amended complaint, Dckt. No. 82, is granted and the November 2, 2011 hearing thereon is vacated;

2. Within seven days of the date of this order, plaintiff shall file her proposed sixth amended complaint, Dckt. No. 82 at 13, as a separate docket entry;

3. Defendant shall file a response to plaintiff's sixth amended complaint within fourteen days from the date the sixth amended complaint is filed; and

4. Defendant's motion to dismiss plaintiff's fifth amended complaint, Dckt. No. 65, is denied as moot.

SO ORDERED.

Dated: October 31, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4