IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KAMLESH BANGA,

    Plaintiff,                                    No. CIV S-08-1518 LKK EFB PS

    vs.

ALLSTATE INSURANCE COMPANY
and DOES 1 through 10 inclusive,

    Defendants.                               <u>ORDER</u>
_____/

       This case, in which plaintiff is proceeding pro se, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1). Currently noticed for hearing on January 18, 2012 is defendant Allstate Insurance Company's motion to dismiss plaintiff's sixth amended complaint. Dckt. No. 92.

       Court records reflect that plaintiff has filed neither an opposition nor a statement of non-opposition to Allstate's motion. Local Rule 230(c) provides that opposition to the granting of a motion, or a statement of non-opposition thereto, must be served upon the moving party, and filed with this court, no later than fourteen days preceding the noticed hearing date or, in this instance, by January 4, 2012. Local Rule 230(c) further provides that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been

////

1

timely filed by that party."[1]

Instead, on December 28, 2011, plaintiff filed a "motion for referral to federal pro bono project." Dckt. No. 95. Plaintiff "requests the court to refer her to [the] Federal Pro Bono Program in an attempt to have representation to oppose the motion to dismiss." *Id.* at 1. Plaintiff contends that she "exercised due diligence in finding an attorney" but was unable to retain an attorney due to her limited financial resources. *Id.*

The court construes plaintiff's motion as a request for appointment of counsel. However, plaintiff does not provide any authority supporting that request. To the extent plaintiff seeks counsel pursuant to 28 U.S.C. § 1915(d), that request is denied. "The court may only designate counsel to represent an indigent civil litigant pursuant to 28 U.S.C. § 1915(d) in certain exceptional circumstances" and that "[i]n considering whether exceptional circumstances exist, the court must evaluate (1) the plaintiff's likelihood of success on the merits; and (2) the ability of the plaintiff to articulate her claims pro se in light of the complexity of the legal issues involved." *Id.* (citing *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990); *Richards v. Harper*, 864 F.2d 85, 87 (9th Cir. 1988)). Here, in addition to the fact that plaintiff has not requested to proceed *in forma pauperis* and has not established that she meets the standard for obtaining *in forma pauperis* status, based on the procedural history of this case and plaintiff's numerous filings herein, plaintiff has not established that her likelihood of success, the complexity of the issues, or the degree of plaintiff's ability to articulate her claims amount to exceptional circumstances justifying the appointment of counsel at this time. Therefore, plaintiff's request for appointment

---

[1] Local Rule 183, governing persons appearing in pro se, provides that failure to comply with the Federal Rules of Civil Procedure and Local Rules may be ground for dismissal, judgment by default, or other appropriate sanction. Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." *See also Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal."). Pro se litigants are bound by the rules of procedure, even though pleadings are liberally construed in their favor. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

of counsel will be denied. Nonetheless, plaintiff will be given an extension of time in which to file an opposition to Allstate's motion to dismiss.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for appointment of counsel, Dckt. No. 95, is denied.

2. The hearing on Allstate's motion to dismiss, Dckt. No. 92, is continued to February 29, 2012.

3. Plaintiff shall file an opposition to the motion, or a statement of non-opposition thereto, no later than February 15, 2012.

4. Failure of plaintiff to file an opposition will be deemed a statement of non-opposition to the pending motion, and may result in a recommendation that this action be dismissed for lack of prosecution and/or for failure to comply with court orders and this court's Local Rules. *See* Fed. R. Civ. P. 41(b).

5. Allstate may file a reply to plaintiff's opposition, if any, on or before February 22, 2012.

SO ORDERED.

DATED: January 6, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE