1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10   KAMLESH BANGA,

11            Plaintiff,                    No. 2:08-cv-1518-LKK-EFB PS

12       vs.

13   ALLSTATE INSURANCE COMPANY
     and DOES 1 through 10 inclusive,
14                                          FINDINGS AND RECOMMENDATIONS

            Defendants.
15   _____/

16

17        This case is before the undersigned pursuant to Eastern District of California Local Rule

18   302(c)(21).  *See* 28 U.S.C. § 636(b)(1).  Defendant moves to dismiss plaintiff's sixth amended

19   complaint.  Dckt. No. 92.  For the reasons stated herein, the motion must be granted without

20   further leave to amend.

21   I.    Background

22        This case has a long and muddled procedural history.  In July 2008, plaintiff filed a

23   complaint against defendant Allstate Insurance Company concerning plaintiff's homeowner's

24   insurance policy.  Dckt. No. 1.  The complaint alleged that defendant violated the Fair Credit

25   Reporting Act, 15 U.S.C. §§ 1681-1681u ("FCRA"), by failing to provide notice of an adverse

26   action against plaintiff; namely, underwriting plaintiff's homeowner's insurance policy based on

                                          1

1   information contained in a consumer report and increasing plaintiff's renewal policy premium

2   from $1,477 to $2,124.  *Id. ¶¶* 4, 7.  The complaint also alleged that defendant violated

3   California Business and Professions Code section 17200 by "willfully/negligently collecting

4   excessive premium[s] from plaintiff."  *Id. ¶* 4.

5          Defendant moved to dismiss plaintiff's claims pursuant to Federal Rule of Civil

6   Procedure ("Rule") 12(b)(6).  Dckt. Nos. 9, 13.  Before the motion was heard, plaintiff filed a

7   first amended complaint.  Dckt. No. 14.  Plaintiff ultimately filed an opposition to the motion, as

8   well as a motion for leave to file a second amended complaint, which defendant opposed.  Dckt.

9   Nos. 22, 23, 24.  The proposed second amended complaint alleged that defendant violated the

10  FCRA by making false reports to a credit reporting agency and by failing to notify plaintiff that

11  defendant had reported negative information to a credit reporting agency.  Dckt. No. 22.

12         On September 22, 2009, the undersigned issued an order and findings and

13  recommendations ("F&Rs").  Dckt. No. 29.  The order first noted that under Rule 15(a) the

14  plaintiff had a right to file the first amended complaint without leave of court because defendant

15  had not yet filed a responsive pleading at the time plaintiff's first amended complaint was filed.[1]

16  The order and F&Rs then addressed the merits of defendant's motion to dismiss and plaintiff's

17  motion for leave to file a second amended complaint.  The F&Rs recommended that defendant's

18  motion to dismiss plaintiff's first amended complaint be granted because (1) plaintiff failed to

19  state a claim under FCRA § 1681m since that statute does not provide a private right of action;

20  (2) plaintiff failed to state a claim under California Business and Professions Code section 17200

21  since that claim was predicated on a violation of FCRA § 1681m; and (3) plaintiff failed to

22  adequately state a claim under the California Consumer Credit Reporting Agencies Act.  *Id.* at 4-

23  10.

24  ////

25  _____

26         [1] Accordingly, an earlier order disregarding plaintiff's first amended complaint was
    vacated.  *Id.* at 29.

1    The F&Rs also recommended that plaintiff's motion for leave to file a second amended

2  complaint be granted in part and denied in part because (1) plaintiff could not state a claim under

3  FCRA § 1681-2(a) since that statute did not provide a private right of action; (2) plaintiff's

4  proposed second amended complaint set forth a prima facie claim pursuant to FCRA § 1681s-

5  2(b); (3) plaintiff's proposed second amended complaint set forth a prima facie claim under

6  California Civil Code section 1785.25(a), based on plaintiff's allegation that defendant furnished

7  to a consumer reporting agency information concerning plaintiff that defendant knew or should

8  have known was inaccurate; (4) plaintiff could not state either a federal or state claim based on

9  defendant's alleged failure to notify plaintiff that it furnished negative information about plaintiff

10  to a consumer reporting agency; (5) plaintiff's proposed second amended complaint set forth a

11  prima facie claim under California Business and Professions Code section 17200 based on

12  plaintiff's prima facie claims under FCRA § 1681s-2(b) and California Civil Code section

13  1785.25(a); (6) plaintiff failed to state a claim for "Tortious Interference with Credit

14  Expectancy"; (7) plaintiff's proposed second amended complaint stated a prima facie claim for

15  defamation; and (8) plaintiff failed to state a claim for intentional infliction of emotional distress.

16  *Id.* at 12-25.

17    Accordingly, the F&Rs recommended that plaintiff be directed to file, within 30 days of

18  the filing date of the district judge's order, a third amended complaint setting forth only those

19  claims identified in the order and F&Rs (claims pursuant to 15 U.S.C. § 1681s-2(b), Cal. Civ.

20  Code § 1785.25(a), Cal. Bus. & Prof. Code § 17200, and Cal. Civ. Code § 45 (defamation)),

21  without the addition of any new claims. *Id.* at 25-26.

22    Defendant objected. They argued that plaintiff's proposed second amended complaint

23  did not set forth any valid causes of action and that if plaintiff is permitted to file a second

24  amended complaint, any order allowing such a complaint should expressly require that plaintiff

25  attach a copy of the credit report at issue. Dckt. No. 30. While the F&Rs and the objections

26  were pending, plaintiff prematurely filed a "Third Amended Complaint," which defendant

1  moved to dismiss.  Dckt. Nos. 32, 33.  Plaintiff subsequently acknowledged that her third

2  amended complaint was filed prematurely and moved to withdraw it.  Dckt. No. 37.

3        The district judge then issued an order on March 31, 2010 adopting the September 22

4  F&Rs in full, except as they pertained to plaintiff's California Business and Professions Code

5  section 17200 unfair competition law ("UCL") claim.  Dckt. No. 39.  The district judge held that

6  "[u]nder California law, the mere presence or absence of a private right of action in a statute

7  does not determine whether a violation of that statute may serve as the predicate of a UCL

8  claim," and therefore declined to adopt the portion of the September 22 F&Rs addressing

9  plaintiff's UCL claim.  Id. at 2-3.  The district judge concluded that, nonetheless, plaintiff's UCL

10  claim fails in its entirety.  Id. at 3-8.  Accordingly, the March 31 order granted defendant's

11  motion to dismiss, dismissed plaintiff's first amended complaint, and granted in part and denied

12  in part plaintiff's motion for leave to file a second amended complaint.[2]  Id. at 8.  The March 31

13  order directed plaintiff to file a fourth amended complaint setting forth only those claims

14  identified in the F&Rs, without the addition of any new claims, and directed plaintiff to attach to

15  her fourth amended complaint "all reports or documents upon which she relies, including but not

16  limited to all pertinent credit reports, notices of adverse action, insurance premium assessments,

17  and correspondence with defendant Allstate."  Id. at 9.  The March 31 order also granted

18  plaintiff's motion to withdraw the third amended complaint as premature and denied defendant's

19  motion to dismiss that complaint as moot.  Id. at 8-9.

20        Thereafter, plaintiff filed a fourth amended complaint, alleging that defendant furnished

21  false and negative information about plaintiff to a consumer reporting agency; namely, that

22  plaintiff had filed two loss claims in 2005, and that plaintiff was paid $40,938 to settle her fire

23

24        [2]  The order stated: "Plaintiff may amend to add claims for violation of California Civil
   Code § 1785.2[5](a) and 15 U.S.C. § 1681s-2(b)."  Dckt. No. 39 at 8.  Although the order did not
25  authorize plaintiff to allege a defamation claim, the order adopted the September 22 F&Rs in full
   except as to the UCL claim, and the September 22 F&Rs expressly authorized plaintiff to allege
26  a defamation claim (referencing California Civil Code section 45).  Dckt. No. 29 at 25.

claims as opposed to $36,584.97, and "failed to inform all the credit bureaus about the result of its investigation." Dckt. No. 40, ¶ 7.  The fourth amended complaint also alleged that plaintiff's homeowner's insurance premium increased as a result.  *Id.* ¶¶ 9-10.  The fourth amended complaint alleged violations of (1) FCRA § 1681s-2(b); (2) the California Credit Reporting Agencies Act, California Civil Code section 1785.25(a); (3) defamation pursuant to California Civil Code section 45 and FCRA § 1681(e); (4) California Business and Professions Code section 17200; (5) negligence; and (6) FCRA § 1681n.  *Id.*

On March 1, 2011, the undersigned issued F&Rs recommending dismissal of all of plaintiff's claims without leave to amend, except (1) plaintiff's FCRA § 1681s-2(b) claim that defendant furnished inaccurate information regarding the amount defendant paid to plaintiff as settlement of the 2005 claim; (2) plaintiff's claim that defendant provided false information to a consumer reporting agency regarding the amount plaintiff was paid on the 2005 fire claim, in violation of California Civil Code section 1785.25(a); and (3) plaintiff's defamation claim.  *See generally* Dckt. No. 49.  Those F&Rs were adopted on March 31, 2011 and plaintiff was directed to file a fifth amended complaint within fourteen days.  Dckt. No. 58; *see* also Dckt. No. 49. After obtaining two extensions of time, Dckt. Nos. 61 and 63, plaintiff filed a fifth amended complaint on June 11, 2011.  Dckt. No. 64.  Defendant timely moved to dismiss that complaint. Dckt. No. 65. However, rather than opposing the motion to dismiss, plaintiff then sought leave to file a sixth amended complaint.  Dckt. No. 82.  On October 31, 2011, that motion to amend was reluctantly granted.  Dckt. No. 90.  Plaintiff was directed to file her proposed sixth amended complaint, which was attached to her motion to amend, as a separate docket entry within seven days.  *Id.*

Plaintiff filed her sixth amended complaint as a separate docket entry on November 21, 2011.  Dckt. No. 91.  Defendant now moves to dismiss that complaint, arguing that the complaint should be dismissed for failure to comply with the March 31, 2010 and March 31, 2011 orders and for failure to state a claim upon which relief can be granted.  Dckt. No. 92; *see also* Dckt.

1   No. 93.  Plaintiff opposes the motion.  Dckt. Nos. 99-101.

2   II.   Motion to Dismiss

3        A.   Standards

4        To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint

5   must contain more than a "formulaic recitation of the elements of a cause of action"; it must

6   contain factual allegations sufficient to "raise a right to relief above the speculative level."  *Bell*

7   *Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "The pleading must contain something more

8   . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of

9   action."  *Id*. (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-

10  236 (3d ed. 2004)).  "[A] complaint must contain sufficient factual matter, accepted as true, to

11  'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949

12  (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff

13  pleads factual content that allows the court to draw the reasonable inference that the defendant is

14  liable for the misconduct alleged."  *Id*.  Dismissal is appropriate based either on the lack of

15  cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal

16  theories.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

17       In considering a motion to dismiss, the court must accept as true the allegations of the

18  complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), construe

19  the pleading in the light most favorable to the party opposing the motion, and resolve all doubts

20  in the pleader's favor.  *Jenkins v. McKeithen*, 395 U.S. 411, 421, *reh'g denied*, 396 U.S. 869

21  (1969).  The court will "'presume that general allegations embrace those specific facts that are

22  necessary to support the claim.'"  *Nat'l Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 256

23  (1994) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).  The court may

24  consider facts established by exhibits attached to the complaint.  *Durning v. First Boston Corp.*,

25  815 F.2d 1265, 1267 (9th Cir. 1987).  The court may also consider facts which may be judicially

26  noticed, *Mullis v. U.S. Bankr. Ct.*, 828 F.2d at 1388, and matters of public record, including

6

1  pleadings, orders, and other papers filed with the court.  *Mack v. South Bay Beer Distribs.*, 798

2  F.2d 1279, 1282 (9th Cir. 1986).

3         Pro se pleadings are held to a less stringent standard than those drafted by lawyers.

4  *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir.

5  1985).  However, the court's liberal interpretation of a pro se litigant's pleading may not supply

6  essential elements of a claim that are not plead.  *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir.

7  1992); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

8  Furthermore, "[t]he court is not required to accept legal conclusions cast in the form of factual

9  allegations if those conclusions cannot reasonably be drawn from the facts alleged."  *Clegg v.

10  Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).  Neither need the court accept

11  unreasonable inferences, or unwarranted deductions of fact.  *W. Mining Council v. Watt*, 643

12  F.2d 618, 624 (9th Cir. 1981).  A pro se litigant is, however, entitled to notice of the deficiencies

13  in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be

14  cured by amendment.  *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

15         B.    <u>Plaintiff's Claims</u>

16         Plaintiff's sixth amended complaint asserts (1) a claim under FCRA § 1681s-2(b); (2) a

17  claim under California Civil Code section 1785.25(a); and (3) a defamation claim.  Dckt. No. 91.

18  These claims are based on plaintiff's allegation that defendant "furnished false and negative

19  information about plaintiff to [two credit agencies] that plaintiff was paid $40,938 to settle her

20  fire claims as opposed to $37,126.20."  *Id.* ¶ 7.  Plaintiff also alleges that defendant falsely told

21  one of the credit agencies that it had paid plaintiff $41,463 and that the claim was still open.  *Id.*

22  Plaintiff contends that "[a]s a result of [defendant's] publication of defamatory information,

23  plaintiff was disqualified to buy homeowners insurance at the favorable rate from other

24  insurance companies" and she "was required to pay [a] higher premium to [defendant] for the

25  period of October 30, 2006 through [] October 2007."  *Id.* ¶ 18.

26  ////

1   Defendant moves to dismiss all three of plaintiff's claims, which are based on the

2   allegation that defendant's reporting of false information.  Defendant argues that "the checks

3   issued by [defendant] on the 2005 fire claim – some but not all of which Plaintiff attaches to her

4   Sixth Amended Complaint – disclose that [defendant's] reporting was accurate: [defendant]

5   made the total payments reflected on the credit reports about which Plaintiff complains."  Dckt.

6   No. 92 at 6; *see also* Def.'s Req. for Judicial Notice, Ex. A.  Defendant contends that plaintiff's

7   sixth amended complaint "completely ignores the indisputable fact that the fully endorsed checks

8   issued by defendant show the amounts paid on the fire loss correspond exactly to the amounts

9   stated on the credit reports about which she complains."  *Id.* at 13.  Defendant further contends

10  that plaintiff selectively quotes a portion of a letter from defendant regarding a surcharge error,

11  but does not continue her quotation of the letter to include defendant's statement that the

12  surcharge was reversed in January 2008 before plaintiff initiated this action.  *Id.*  Defendant also

13  contends that while plaintiff references another letter she sent to defendant requesting

14  clarification regarding the surcharge, she failed to attach defendant's response to that letter

15  which included the 2008 notices to plaintiff showing that the surcharges were reversed through

16  premium reductions prior to plaintiff filing this action and which demonstrates that defendant's

17  assessment was not based upon any amounts reported to a credit reporting agency.  *Id.*; *see also*

18  Def.'s Req. for Judicial Notice, Ex. E.  Further, defendant contends that plaintiff failed to attach

19  to her sixth amended complaint subsequent correspondence that she sent to defendant in which

20  she "*admits* she knows the surcharge was reversed, and critically, complains that the *reason she*

21  *was denied insurance from other companies was because there is a fire and liability claim made*

22  *under her policy in 2005, not because defendant falsely reported the amounts paid on her*

23  *claim*."  *Id.* at 13-14; *see also* Def.'s Req. for Judicial Notice, Ex. F.

24   All three of the causes of action in plaintiff's sixth amended complaint are premised on

25  her allegation that defendant falsely reported that it paid plaintiff more than it did on her 2005

26  fire claim.  Dckt. No. 91 ¶¶ 31, 37, 44, 45.  The first cause of action is brought under FCRA, 15

1    U.S.C. § 1681s-2(b), which identifies what duties furnishers of information to consumer

2    reporting agencies have upon notice of a dispute regarding the information furnished.

3    Specifically, after receiving notice of a dispute regarding the completeness or accuracy of any

4    information provided to a consumer reporting agency, the person who furnished the information

5    is required to conduct an investigation with respect to the disputed information; review all

6    relevant information provided by the consumer reporting agency; and report the results of the

7    investigation to the consumer reporting agency.  15 U.S.C. § 1681s-2(b).  If the investigation

8    finds that the information is incomplete or inaccurate, the furnisher must report those results to

9    all other consumer reporting agencies to which the information was furnished and that compile

10   and maintain files on consumers on a nationwide basis.  *Id.*  Finally, "if an item of information

11   disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any

12   reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency

13   only, as appropriate, based on the results of the reinvestigation promptly– (I) modify that item of

14   information; (ii) delete that item of information; or (iii) permanently block the reporting of that

15   item of information."  *Id.*

16        Plaintiff's second cause of action alleges a violation of California Civil Code section

17   1785.25(a), which provides that "[a] person shall not furnish information on a specific

18   transaction or experience to any consumer credit reporting agency if the person knows or should

19   know the information is incomplete or inaccurate."  A furnisher of such improper information

20   may be liable to the consumer for actual and punitive damages, as well as injunctive relief, Cal.

21   Civ. Code §1785.31, unless the furnisher can establish that it nonetheless had in place reasonable

22   procedures to comply with statute.  *Id.* § 1725.25(g).

23        Finally, plaintiff's third cause of action alleges defamation.  The requirements for stating

24   a claim of defamation by libel are set forth in California Civil Code Section 45.  "Libel is a false

25   and unprivileged publication by writing . . . which exposes any person to hatred, contempt,

26   ridicule, or obloquy, or which causes him to be shunned or avoided, or which has a tendency to

9

injure him in his occupation."  Cal. Civ. Code § 45.  "[T]o survive a motion to dismiss on a

defamation claim, a plaintiff must allege: (1) a defendant; (2) intentionally published a statement

of fact; (3) that is false; (4) unprivileged; and (5) has a natural tendency to injure (libel per se) or

causes special damages."  *Steinmetz v. General Elec. Co.*, 2009 WL 2058792, 5 (S.D. Cal. July

13, 2009).  Plaintiff must also prove, pursuant to 15 U.S.C. § 1681(e), "that the information was

'false' and 'furnished with malice or willful intent to injure.'"  *Gorman*, 552 F.3d at 1028;

*Steinmetz*, 2009 WL 2058792, at *5 ("unless a plaintiff alleges a defendant acted with 'malice or

willful intent to injure,' a state law defamation claim based on credit reporting activities is

expressly preempted by the FCRA").  The appropriate standard for "malice" requires a showing

that the publication was made with knowledge that it was false or with reckless disregard of its

truth, the latter supported by a showing that defendant in fact entertained serious doubts as to the

truth of the publication, rather than having had a good faith reason for believing the truth of the

publication.  *Gorman*, 552 F.3d at 1028, 1027 (citations omitted).

Here, although plaintiff alleges that defendant falsely reported that it paid plaintiff more

than it did on her 2005 fire claim, the exhibits attached to her sixth amended complaint clearly

show that is not the case.[3]  Specifically, the credit reports attached to plaintiff's sixth amended

complaint disclose that defendant did not report what was paid *to plaintiff* to settle her claim but

instead reported *the total amounts of payments made* on the 2005 fire loss claim.  Included

among those attachments is the check that defendant paid to Restoration Cleanup, suggesting

---

[3] Although courts will not normally look beyond the four corners of the complaint in resolving a Rule 12(b)(6) motion, *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 248 (9th Cir.1997), *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir.2001), a "court may consider material that the plaintiff properly submitted as part of the complaint or, even if not physically attached to the complaint, material that is not contended to be inauthentic and that is necessarily relied upon by the plaintiff's complaint."  *Id*.  Moreover, the court may disregard allegations of the complaint that are contradicted by attached exhibits.  *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987); *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295 (9th Cir.1998).  Furthermore, the court is not required to accept as true allegations contradicted by judicially noticed facts.  *Mullis v. United States Bankruptcy Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987).

1    that plaintiff knows that the amounts paid on the claim included those not paid directly to her but

2    for the restoration work done on her behalf.  Dckt. No. 91, Exs. E, J, L, M, K.  Additionally, the

3    exhibits attached to plaintiff's sixth amended complaint reveal that plaintiff violated this court's

4    requirement in its March 31, 2010 and March 31, 2011 orders that she attach to her amended

5    complaints "all reports or documents upon which she relies, including but not limited to all

6    pertinent credit reports, notices of adverse action, insurance premium assessments, and

7    correspondence with defendant Allstate."[4]  *See* Dckt. No. 39 (March 31, 2010 Order) at 9.

8    Therefore, the court takes judicial notice of the documents that should have been attached to

9    plaintiff's sixth amended complaint – specifically, all of the checks that defendant paid on

10   plaintiff's 2005 fire claim.  Dckt. No. 93, Def.'s Req. for Judicial Notice, Ex A.  Those checks

11   demonstrate that defendant paid a total of $40,938 on the fire loss claim at the time the first

12   alleged false reports were made in 2008, and thereafter made payments in October 2009 and

13   January 2010 such that the total payments on the claim equaled $41,463.51.  *Id.*  From plaintiffs'

14   own attachments, quite demonstrably the information that plaintiff alleges to have been falsely

15   reported was, in fact, accurately reported.  Since all three of plaintiff's causes of action are

16   premised on plaintiffs mistaken allegation that defendant falsely reported this information,

17   plaintiff's entire sixth amended complaint fails and should be dismissed without further leave to

18   amend.  *See Noll*, 809 F.2d at 1448 (while the court ordinarily would permit a pro se plaintiff to

19   amend, leave to amend should not be granted where it appears amendment would be futile).

20   ////

21   ////

22

23       [4] Indeed, Fed. R. Civ. P. 41(b) is itself a separate basis for dismissal of plaintiff's
     complaint due to her failure to comply with the March 31, 2010 order and the March 31, 2011

24   orders.  *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (quoting *Hernandez v.
     City of El Monte*, 138 F.3d 393, 399 (9th Cir.1998) ("[I]n order for a court to dismiss a case as a

25   sanction, the district court must consider five factors: '(1) the public's interest in expeditious
     resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the

26   defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the
     availability of less drastic alternatives.'").

III.    Conclusion

Accordingly, it is hereby RECOMMENDED that:

1. Defendant's motion to dismiss, Dckt. No. 92, be granted, and plaintiff's sixth amended complaint be dismissed without leave to amend; and

2. The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  August 24, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE