1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   KAMLESH BANGA,

11            Plaintiff,                    No. 2:08-cv-1518-LKK-EFB PS

12        vs.

13   ALLSTATE INSURANCE COMPANY
     and DOES 1 through 10, inclusive,
14
              Defendants.                   <u>ORDER</u>
15   _____/

16        Plaintiff, proceeding "in propria persona," has filed this action seeking relief pursuant to

17   the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x, the California Consumer Credit

18   Reporting Agencies Act, Cal. Civ. Code § 1785.1-1785.36, and a common law claim for

19   defamation.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. §

20   636(b)(1)(B) and E.D. Cal. R. ("Local Rule") 302(21).

21        On August 24, 2012, Magistrate Judge Brennan filed Findings and Recommendations

22   herein which were served on all parties and which contained notice to all parties that any

23   objections to the Findings and Recommendations were to be filed within fourteen days.  Plaintiff

24   has filed objections to the Findings and Recommendations, and defendant has filed a response to

25   plaintiff's objections.

26        In accordance with the provisions of 28 U.S.C. § 636(b)(1)(c) and Local Rule 304, this

1 court has conducted a de novo review of this case.  Having carefully reviewed the entire file, this

2 court agrees that part of this case should be dismissed with prejudice, but for reasons that differ

3 somewhat from those set forth in the Findings and Recommendations.

4 **I.     BACKGROUND**

5       The court adopts the Magistrate Judge's Findings regarding the "long and muddled

6 procedural history" of this case, the standards applicable for the motion to dismiss,[1] and the

7 factual description of plaintiff's claims.  However, the court will dismiss the claim alleging false

8 reporting on the payments for plaintiff's fire claim, on the basis that plaintiff's own exhibits

9 establish that there was no false report.

10 **II.    DISCUSSION**

11       Plaintiff alleges that defendant furnished the following "false and negative information

12 about plaintiff" to credit reporting agencies: (1) "that plaintiff was paid $40,938 to settle her fire

13 claims as opposed to $37,126.20,"[2] (2) "that the said fire claim was still open;" and (3) that

14 "plaintiff's tree fell on neighbor's house," and that "the said claim was still open."  Sixth

15 Amended Complaint ("Complaint") ¶ 7.

16       **A.     The Fire Loss.**

17       Plaintiff alleges that defendant falsely reported that it paid $40,938 "to plaintiff" for her

18 fire loss.  Complaint ¶ 11.  In support of this allegation, plaintiff attached "Exhibit E" (Dkt. No.

19

---

20       [1] However, the court resolves this matter without the need to take judicial notice of checks
defendant says it paid to plaintiff in settlement of her fire claim.  Accordingly, it is not necessary to
21 determine whether they are the proper subject of judicial notice, or whether the standard for judicial
notice set forth in the Findings and Recommendations is correct.  However, since the matter will be
22 remanded in part, the court notes that facts subject to judicial notice are normally limited to facts that
are "generally known," or "can be accurately and readily determined from sources whose accuracy
23 cannot reasonably be questioned."  See Fed. R. Evid. 201(b).  It is not clear that this standard would
apply to checks purportedly paid by one private party to another.

24

25       [2] Plaintiff asserts that defendant later changed the reported settlement amount to $41,001 and
then to $41,463.  However, plaintiff does not allege that these changes were part of the false
reporting that harmed her.  The falsehood, she alleges, is that the settlement amount – whatever it
26 was – was all paid "to plaintiff."

1   91 at pp. 23-25).[3]  Plaintiff does not assert that the $40,938 was false, only the alleged assertion

2   that it was paid "to plaintiff."[4]

3          Exhibit E purports to be a "Home Seller's Disclosure Report" issued by the

4   Comprehensive Loss Underwriting Exchange ("C.L.U.E.").  Reading the report in the light most

5   favorable to plaintiff's allegations, the report states that defendant ("Allstate Ins. Co.") paid

6   $40,938 on plaintiff's fire claim.  Drawing all inferences in favor of plaintiff, the court infers that

7   defendant reported this information to C.L.U.E. (directly or indirectly), and that is how it wound

8   up in this C.L.U.E. report.

9          However, it would not be a reasonable inference from Exhibit E that all $40,938 was paid

10  "to plaintiff."  Even if this were a reasonable inference however, it is defeated by plaintiff's other

11  exhibits.  Plaintiff has submitted as "Exhibit K " a series of reports purporting to be issued by

12  defendant, which sets forth amounts paid on plaintiff's claim – although apparently not all the

13  payments – and to whom.  Although plaintiff submitted Exhibit K in support of her allegation

14  that all $40,938 was paid "to plaintiff," Exhibit K shows that defendant paid at least $5,033.46 of

15  this amount to "The Restoration Cleanup Co Inc," rather than "to plaintiff."  Dkt. No. 91 at

16  pp.55, 57, 66, 84 and 95.[5]

17         In sum, according to the complaint and attached exhibits, defendant reported to a credit

18  reporting agency that it had paid over $40,938 in settlement of plaintiff's June 5, 2006 fire claim.

19  The only allegedly false part of this report is defendant's purported assertion that the full

20  $40,938 was paid "to plaintiff."  However, the complaint and attached exhibits conclusively

21

22      [3] When this court granted plaintiff leave to amend her complaint, it did so on the condition

23  that she attach to her complaint all the paperwork she was relying upon.

24      [4] By failing to allege that the reported overall amount paid was false, plaintiff seems to be
    revealing that this portion of her claim is frivolous.  It is not clear what possible difference it could

25  make to her ability to buy future homeowners policies whether the insurance payments were made
    "to plaintiff" or to someone else on plaintiff's behalf.

26      [5] The same documents show other payments made to "Banga, K."

1 show that defendant included no such assertion in its reports to the agency.[6]  Accordingly, this

2 portion of plaintiff's complaint fails to state a claim upon which relief can be granted.

3  **B.  The Fallen Tree and the "Still Open" Fire Claim.**

4  Plaintiff alleges that defendant falsely reported to credit reporting agencies that

5 "plaintiff's tree fell on neighbor's house," that "the said claim was still open," and that at one

6 point defendant falsely reported that the fire claim was still open.  Complaint ¶¶ 20 & 22.  The

7 complaint further asserts that these alleged falsehoods were also the cause of her harm under all

8 three causes of action.  Complaint ¶¶ 33, 39 and 47.  The Findings and Recommendations do not

9 address these claims.[7]  The matter will therefore be remanded for consideration of these claims.

10 **III.  CONCLUSION**

11  Accordingly, IT IS HEREBY ORDERED that:

12  1.  Defendant's motion to dismiss, Dkt. No. 92, is **GRANTED** to the degree it is

13 based upon plaintiff's claim that the reporting of payments made on the fire claim was false, and

14 plaintiff's Sixth Amended Complaint is **DISMISSED WITH PREJUDICE** to that extent;[8] and

15  2.  The matter is **RETURNED** to the Magistrate Judge for consideration of

16 defendant's motion to dismiss plaintiff's claims that defendant falsely reported a fallen tree

---

17

18  [6] As the Magistrate Judge held, "the court may disregard allegations of the complaint that are contradicted by attached exhibits."  Findings & Recommendations (Dkt. No. 105), at p.10 n.3.
19 See Sprewell v. Golden State Warriors, 266 F.3d 979, 988, as amended on rehearing, 275 F.3d 1187 (9th Cir. 2001).

20  [7] The court notes that the exhibits plaintiff relies on for her assertion contain no mention of a tree falling on anyone's house.  However, the exhibits do mention a Claim 3, also dated June 5,
21 2005, which is identified as "Liability" and "Liability (All Other)," for $1,619.  (See Dkt. No 91 at pp.24 and 106.)  The exhibits make no express reference to a fallen tree claim.  Plaintiff has
22 previously been ordered to attach to her complaint all the documents on which her claims rely. However, the court cannot tell if these referenced documents are the documents on which this claim
23 relies, possibly because of plaintiff's over-zealous redacting.

24  [8] The court does not rely on the alternate ground that plaintiff failed to attach the documentation upon which her claim relies.  This court is satisfied that the 170 pages the pro per
25 plaintiff attached to her 10-page complaint, apparently believing that they supported her claim, are enough.  If more documents are is needed, they can be brought out in a motion for summary
26 judgment or at trial.

claim, and that defendant falsely reported that the fire claim was still open.

IT IS SO ORDERED.

DATED: September 28, 2012.


LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT