1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   KAMLESH BANGA,

11              Plaintiff,                     No. 2:08-cv-1518-LKK-EFB PS

12         vs.

13   ALLSTATE INSURANCE COMPANY
     and DOES 1 through 10 inclusive,
14
                Defendants.                    FINDINGS AND RECOMMENDATIONS
15   _____/

16         This case, in which plaintiff is proceeding pro se, is before the undersigned pursuant to

17   Eastern District of California Local Rule 302(c)(21).  *See* 28 U.S.C. § 636(b)(1).  The assigned

18   district judge dismissed with prejudice plaintiff's Sixth Amended Complaint to the extent it is

19   based on her claim that the reporting of payments made on the fire claim was false.  ECF 0No.

20   108 at 4.  The district judge also returned the case to the undersigned for consideration of

21   defendant's motion to dismiss plaintiff's claims that defendant falsely reported a fallen tree

22   claim, and that defendant falsely reported that the fire claim was still open.  *Id.* at 4-5.

23   Specifically, the district judge stated that the findings and recommendations did not address

24   plaintiff's allegations that defendant falsely reported to credit reporting agencies that "plaintiff's

25   tree fell on neighbor's house," that "said claim was still open," that at one point defendant falsely

26   reported that the fire claim was still open, and that those alleged falsehoods were also the cause

                                                1

of her harm under all three of plaintiff's causes of action.  *Id.* at 4 (citing Pl.'s Sixth Am. Compl. ¶¶ 20, 22, 33, 39 and 47).

In light of the district judge's order, the undersigned ordered the parties to file supplemental briefs regarding whether and why plaintiff's claims that defendant falsely reported a fallen tree claim and that defendant falsely reported that the fire claim was still open should be dismissed.  Upon review of the parties' original briefs regarding the motion to dismiss, as well as the parties' supplemental briefs,[1] the undersigned finds that plaintiff's claims that defendant falsely reported a fallen tree claim and that defendant falsely reported that the fire claim was still open must be dismissed.

I.     Background

As previously discussed in the earlier findings and recommendation, the procedural history of this case is muddled.  In July 2008, plaintiff filed a complaint against defendant Allstate Insurance Company concerning plaintiff's homeowner's insurance policy.  ECF No. 1. The complaint alleged that defendant violated the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681u ("FCRA"), by failing to provide notice of an adverse action against plaintiff; namely, underwriting plaintiff's homeowner's insurance policy based on information contained in a consumer report and increasing plaintiff's renewal policy premium from $1,477 to $2,124. *Id*. ¶¶ 4, 7. The complaint also alleged that defendant violated California Business and Professions Code section 17200 by "willfully/negligently collecting excessive premium[s] from plaintiff."  *Id*. ¶ 4.

Defendant moved to dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6).  ECF Nos. 9, 13.  Before the motion was heard, plaintiff filed a first amended complaint.  ECF No. 14.  Plaintiff ultimately filed an opposition to the motion to dismiss, as well as a motion for leave to file a second amended complaint, which defendant opposed.  ECF Nos.

---

[1] Plaintiff filed a request for leave to file a sur-reply, and filed such a sur-reply.  ECF Nos. 122, 123.  The request is granted.  Therefore, the sur-reply was considered by the undersigned.

1    22, 23, 24.  The proposed second amended complaint alleged that defendant violated the FCRA

2    by making false reports to a credit reporting agency and by failing to notify plaintiff that

3    defendant had reported negative information to a credit reporting agency.  ECF No. 22.

4            On September 22, 2009, the undersigned issued an order and findings and

5    recommendations ("F&Rs").  ECF No. 29.  The order first noted that under Rule 15(a) plaintiff

6    had a right to file the first amended complaint without leave of court because defendant had not

7    yet filed a responsive pleading at the time plaintiff's first amended complaint was filed.[2]  The

8    order and F&Rs then addressed the merits of defendant's motion to dismiss and plaintiff's

9    motion for leave to file a second amended complaint. The F&Rs recommended that defendant's

10   motion to dismiss the first amended complaint be granted because (1) plaintiff failed to state a

11   claim under FCRA § 1681m since that statute does not provide a private right of action; (2)

12   plaintiff failed to state a claim under California Business and Professions Code section 17200

13   since that claim was predicated on a violation of FCRA § 1681m; and (3) plaintiff failed to state

14   a claim under the California Consumer Credit Reporting Agencies Act.  *Id*. at 4-10.

15           The F&Rs also recommended that plaintiff's motion for leave to file a second amended

16   complaint be granted in part and denied in part because (1) plaintiff could not state a claim under

17   FCRA § 1681-2(a) since that statute did not provide a private right of action; (2) plaintiff's

18   proposed second amended complaint set forth a prima facie claim pursuant to FCRA § 1681s-

19   2(b); (3) plaintiff's proposed second amended complaint set forth a prima facie claim under

20   California Civil Code section 1785.25(a), based on plaintiff's allegation that defendant furnished

21   to a consumer reporting agency information concerning plaintiff that defendant knew or should

22   have known was inaccurate; (4) plaintiff could not state either a federal or state claim based on

23   defendant's alleged failure to notify plaintiff that it furnished negative information about plaintiff

24   to a consumer reporting agency; (5) plaintiff's proposed second amended complaint set forth a

25

26           [2] Accordingly, an earlier order disregarding plaintiff's first amended complaint was
     vacated. *Id.* at 29.

prima facie claim under California Business and Professions Code section 17200 based on

plaintiff's prima facie claims under FCRA § 1681s-2(b) and California Civil Code section

1785.25(a); (6) plaintiff failed to state a claim for "Tortious Interference with Credit

Expectancy"; (7) plaintiff's proposed second amended complaint stated a prima facie claim for

defamation; and (8) plaintiff failed to state a claim for intentional infliction of emotional distress.

*Id*. at 12-25.  Accordingly, the F&Rs recommended that plaintiff be directed to file, within 30

days of the filing date of the district judge's order, a third amended complaint setting forth only

those claims identified in the order and F&Rs (claims pursuant to 15 U.S.C. § 1681s-2(b), Cal.

Civ. Code § 1785.25(a), Cal. Bus. & Prof. Code § 17200, and Cal. Civ. Code § 45 (defamation)),

without the addition of any new claims.  *Id.* at 25-26.

Defendant objected.  It argued that plaintiff's proposed second amended complaint did

not set forth any valid causes of action and that if plaintiff is permitted to file a second amended

complaint, any order allowing such a complaint should expressly require that plaintiff attach a

copy of the credit report at issue.  ECF No. 30.  While the F&Rs and the objections were

pending, plaintiff prematurely filed a "Third Amended Complaint," which defendant moved to

dismiss.  ECF Nos. 32, 33.  Plaintiff subsequently acknowledged that her third amended

complaint was filed prematurely and moved to withdraw it.  ECF No. 37.

The district judge then issued an order on March 31, 2010 adopting the September 22

F&Rs in full, except as they pertained to plaintiff's California Business and Professions Code

section 17200 unfair competition law ("UCL") claim.  ECF No. 39.  The district judge held that

"[u]nder California law, the mere presence or absence of a private right of action in a statute

does not determine whether a violation of that statute may serve as the predicate of a UCL

claim," and therefore declined to adopt the portion of the September 22 F&Rs addressing

plaintiff's UCL claim.  *Id*. at 2-3.  The district judge concluded that, nonetheless, plaintiff's UCL

claim fails in its entirety.  *Id*. at 3-8.  Accordingly, the March 31 order granted defendant's

motion to dismiss, dismissed plaintiff's first amended complaint, and granted in part and denied

1    in part plaintiff's motion for leave to file a second amended complaint.[3]  *Id*. at 8.  The March 31

2    order directed plaintiff to file a fourth amended complaint setting forth only those claims

3    identified in the F&Rs, without the addition of any new claims, and directed plaintiff to attach to

4    her fourth amended complaint "all reports or documents upon which she relies, including but not

5    limited to all pertinent credit reports, notices of adverse action, insurance premium assessments,

6    and correspondence with defendant Allstate."  *Id*. at 9.  The March 31 order also granted

7    plaintiff's motion to withdraw the third amended complaint as premature and denied defendant's

8    motion to dismiss that complaint as moot.  *Id*. at 8-9.

9         Thereafter, plaintiff filed a fourth amended complaint, alleging that defendant furnished

10   false and negative information about plaintiff to a consumer reporting agency; namely, that

11   plaintiff had filed two loss claims in 2005, and that plaintiff was paid $40,938 to settle her fire

12   claims as opposed to $36,584.97, and "failed to inform all the credit bureaus about the result of

13   its investigation."  ECF No. 40, ¶ 7.  The fourth amended complaint also alleged that plaintiff's

14   homeowner's insurance premium increased as a result.  *Id*. ¶¶ 9-10.  The fourth amended

15   complaint alleged violations of (1) FCRA § 1681s-2(b); (2) the California Credit Reporting

16   Agencies Act, California Civil Code section 1785.25(a); (3) defamation pursuant to California

17   Civil Code section 45 and FCRA § 1681(e); (4) California Business and Professions Code

18   section 17200; (5) negligence; and (6) FCRA § 1681n.  *Id*.

19        On March 1, 2011, the undersigned issued F&Rs recommending dismissal of all of

20   plaintiff's claims without leave to amend, except (1) plaintiff's FCRA § 1681s-2(b) claim that

21   defendant furnished inaccurate information regarding the amount defendant paid to plaintiff as

22   settlement of the 2005 claim; (2) plaintiff's claim that defendant provided false information to a

23   consumer reporting agency regarding the amount plaintiff was paid on the 2005 fire claim, in

24   ───────────────

25   [3] The order stated: "Plaintiff may amend to add claims for violation of California Civil
     Code § 1785.2[5]a) and 15 U.S.C. § 1681s-2(b)."  ECF No. 39 at 8.  Although the order did not
     authorize plaintiff to allege a defamation claim, the order adopted the September 22 F&Rs in full

26   except as to the UCL claim, and the September 22 F&Rs expressly authorized plaintiff to allege
     a defamation claim (referencing California Civil Code section 45).  ECF No. 29 at 25.

violation of California Civil Code section 1785.25(a); and (3) plaintiff's defamation claim.  *See*

*generally* ECF No. 49.  Those F&Rs were adopted on March 31, 2011 and plaintiff was directed

to file a fifth amended complaint within fourteen days.  ECF No. 58; *see also* ECF No. 49.  After

obtaining two extensions of time, ECF Nos. 61 and 63, plaintiff filed a fifth amended complaint

on June 11, 2011.  ECF No. 64.  Defendant timely moved to dismiss that complaint.  ECF No.

65.  However, rather than opposing the motion to dismiss, plaintiff then sought leave to file a

sixth amended complaint.  ECF No. 82.  On October 31, 2011, that motion to amend was

reluctantly granted.  ECF No. 90.  Plaintiff was directed to file her proposed sixth amended

complaint, which was attached to her motion to amend, as a separate docket entry within seven

days.  *Id.*

Plaintiff filed her sixth amended complaint as a separate docket entry on November 21,

2011.  ECF No. 91.  Defendant then moved to dismiss that complaint, arguing that the complaint

should be dismissed for failure to comply with the March 31, 2010 and March 31, 2011 orders

and for failure to state a claim upon which relief can be granted.  ECF No. 92; *see also* ECF No.

93.  Plaintiff opposed the motion.  ECF Nos. 99-101.

On August 24, 2012, the undersigned issued findings and recommendations,

recommending that plaintiff's sixth amended complaint be granted without leave to amend.  ECF

No. 105.  The district judge adopted those F&Rs in part and dismissed with prejudice plaintiff's

Sixth Amended Complaint to the extent it is based on her claim that the reporting of payments

made on the fire claim was false.  ECF No. 108 at 4.  However, the district judge also returned

the case to the undersigned for consideration of defendant's motion to dismiss plaintiff's claims

that defendant falsely reported a fallen tree claim, and that defendant falsely reported that the fire

claim was still open.  *Id.* at 4-5.  Specifically, the district judge stated that the findings and

recommendations did not address plaintiff's allegations that defendant falsely reported to credit

reporting agencies that "plaintiff's tree fell on neighbor's house," that "said claim was still

open," that at one point defendant falsely reported that the fire claim was still open, and that

1    those alleged falsehoods were also the cause of her harm under all three of plaintiff's causes of

2    action.  *Id.* at 4 (citing Pl.'s Sixth Am. Compl. ¶¶ 20, 22, 33, 39 and 47).

3            In light of the district judge's order, the undersigned directed the parties to file

4    supplemental briefs regarding whether and why plaintiff's claims that defendant falsely reported

5    a fallen tree claim and that defendant falsely reported that the fire claim was still open should be

6    dismissed.  ECF No. 109.  The parties have now filed those supplemental briefs.  *See generally*

7    ECF Nos. 110, 111, 113, 115, 116, 118, 119, 120, 123, 125.

8    II.     <u>Motion to Dismiss</u>

9            A.     <u>Standards</u>

10           To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint

11   must contain more than a "formulaic recitation of the elements of a cause of action"; it must

12   contain factual allegations sufficient to "raise a right to relief above the speculative level."  *Bell*

13   *Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "The pleading must contain something more

14   . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of

15   action."  *Id.* (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-

16   236 (3d ed. 2004)).  "[A] complaint must contain sufficient factual matter, accepted as true, to

17   'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949

18   (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff

19   pleads factual content that allows the court to draw the reasonable inference that the defendant is

20   liable for the misconduct alleged."  *Id.*  Dismissal is appropriate based either on the lack of

21   cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal

22   theories.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

23           In considering a motion to dismiss, the court must accept as true the allegations of the

24   complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), construe

25   the pleading in the light most favorable to the party opposing the motion, and resolve all doubts

26   in the pleader's favor.  *Jenkins v. McKeithen*, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869

1   (1969).  The court will "'presume that general allegations embrace those specific facts that are

2   necessary to support the claim.'"  *Nat'l Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 256

3   (1994) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).  The court may

4   consider facts established by exhibits attached to the complaint.  *Durning v. First Boston Corp*.,

5   815 F.2d 1265, 1267 (9th Cir. 1987).  The court may also consider facts which may be judicially

6   noticed, *Mullis v. U.S. Bankr. Ct.*, 828 F.2d at 1388, and matters of public record, including

7   pleadings, orders, and other papers filed with the court.  *Mack v. South Bay Beer Distribs*., 798

8   F.2d 1279, 1282 (9th Cir. 1986).

9         Pro se pleadings are held to a less stringent standard than those drafted by lawyers.

10   *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir.

11   1985).  However, the court's liberal interpretation of a pro se litigant's pleading may not supply

12   essential elements of a claim that are not plead.  *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir.

13   1992); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

14   Furthermore, "[t]he court is not required to accept legal conclusions cast in the form of factual

15   allegations if those conclusions cannot reasonably be drawn from the facts alleged."  *Clegg v.

16   Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).  Neither need the court accept

17   unreasonable inferences, or unwarranted deductions of fact.  *W. Mining Council v. Watt*, 643

18   F.2d 618, 624 (9th Cir. 1981).  A pro se litigant is, however, entitled to notice of the deficiencies

19   in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be

20   cured by amendment.  *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

21         B.   Plaintiff's Claims

22         Plaintiff's sixth amended complaint asserts a claim under FCRA § 1681s-2(b); (2) a

23   claim under California Civil Code section 1785.25(a); and (3) a defamation claim.  ECF No. 91.

24   These claims are based on plaintiff's allegation that defendant furnished false and negative

25   information about plaintiff to two credit agencies.

26   /////

8

1    The first cause of action is brought under FCRA, 15 U.S.C. § 1681s-2(b), which

2    identifies what duties furnishers of information to consumer reporting agencies have upon notice

3    of a dispute regarding the information furnished.  Specifically, after receiving notice of a dispute

4    regarding the completeness or accuracy of any information provided to a consumer reporting

5    agency, the person who furnished the information is required to conduct an investigation with

6    respect to the disputed information; review all relevant information provided by the consumer

7    reporting agency; and report the results of the investigation to the consumer reporting agency.

8    15 U.S.C. § 1681s-2(b).  If the investigation finds that the information is incomplete or

9    inaccurate, the furnisher must report those results to all other consumer reporting agencies to

10   which the information was furnished and that compile and maintain files on consumers on a

11   nationwide basis.  *Id.*  Finally, "if an item of information disputed by a consumer is found to be

12   inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for

13   purposes of reporting to a consumer reporting agency only, as appropriate, based on the results

14   of the reinvestigation promptly– (I) modify that item of information; (ii) delete that item of

15   information; or (iii) permanently block the reporting of that item of information."  Id.

16   Plaintiff's second cause of action alleges a violation of California Civil Code section

17   1785.25(a), which provides that "[a] person shall not furnish information on a specific

18   transaction or experience to any consumer credit reporting agency if the person knows or should

19   know the information is incomplete or inaccurate."  A furnisher of such improper information

20   may be liable to the consumer for actual and punitive damages, as well as injunctive relief, Cal.

21   Civ. Code §1785.31, unless the furnisher can establish that it nonetheless had in place reasonable

22   procedures to comply with statute.  *Id.* § 1725.25(g).

23   Finally, plaintiff's third cause of action alleges defamation.  The requirements for stating

24   a claim of defamation by libel are set forth in California Civil Code Section 45.  "Libel is a false

25   and unprivileged publication by writing . . . which exposes any person to hatred, contempt,

26   ridicule, or obloquy, or which causes him to be shunned or avoided, or which has a tendency to

1   injure him in his occupation." Cal. Civ. Code § 45. "[T]o survive a motion to dismiss on a

2   defamation claim, a plaintiff must allege: (1) a defendant; (2) intentionally published a statement

3   of fact; (3) that is false; (4) unprivileged; and (5) has a natural tendency to injure (libel per se) or

4   causes special damages." *Steinmetz v. General Elec. Co.*, 2009 WL 2058792, 5 (S.D. Cal. July

5   13, 2009). Plaintiff must also prove, pursuant to 15 U.S.C. § 1681(e), "that the information was

6   'false' and 'furnished with malice or willful intent to injure.'" *Gorman*, 552 F.3d at 1028;

7   *Steinmetz*, 2009 WL 2058792, at *5 ("unless a plaintiff alleges a defendant acted with 'malice or

8   willful intent to injure,' a state law defamation claim based on credit reporting activities is

9   expressly preempted by the FCRA"). The appropriate standard for "malice" requires a showing

10  that the publication was made with knowledge that it was false or with reckless disregard of its

11  truth, the latter supported by a showing that defendant in fact entertained serious doubts as to the

12  truth of the publication, rather than having had a good faith reason for believing the truth of the

13  publication. *Gorman*, 552 F.3d at 1028, 1027 (citations omitted).

14      In addition to plaintiff's claim that defendant falsely reported that it paid plaintiff more

15  than it did on her 2005 fire claim, which was previously dismissed, plaintiff also alleges that

16  defendant falsely told one of the credit agencies "that the said fire claim was still open" and that

17  "plaintiff's tree fell on neighbor's house," and that "the said claim was still open."[4] Sixth Am.

18  Compl., ECF No. 91, ¶¶ 7, 20, 22. Plaintiff further asserts that these alleged falsehoods were

19  also the cause of her harm under all three causes of action. *Id.* ¶¶ 33, 39, 47.

20  /////

21  /////

22

23      [4] As the district court noted, "the exhibits plaintiff relies on for her assertion contain no
    mention of a tree falling on anyone's house. However, the exhibits do mention a Claim 3, also
24  dated June 5, 2005, which is identified as 'Liability' and 'Liability (All Other),' for $1,619."
    ECF No. 108 at 4, n.7 (citing ECF No. 91 at 24, 106). "The exhibits make no express reference
25  to a fallen tree claim. Plaintiff has previously been ordered to attach to her complaint all the
    documents on which her claims rely. However, the court cannot tell if these referenced
26  documents are the documents on which this claim relies, possibly because of plaintiff's over-
    zealous redacting." *Id.*

1                 1.      <u>False Report that Plaintiff Made a Fallen Tree Claim</u>

2        In its supplemental brief, defendant argues that the credit reports attached to plaintiff's

3   sixth amended complaint reveal that defendant "simply reported that claims were made under

4   [plaintiff's] Allstate policy in 2005 – a "liability" claim and a "fire" claim – and noted the total

5   amounts paid in connection with each of these claims."  ECF No. 110 at 2 (citing Sixth Am.

6   Compl. ¶¶ 20, 23, Exs. M, N, O).  None of the reports that plaintiff received from ChoicePoint

7   mentioned any fallen tree; rather, the reports indicate that the two claims reported by defendant

8   were the 2005 "fire" and "liability" claims.  *Id.*  Plaintiff, as the consumer, is the one who added

9   information to the report in July 2010: the report notes that "[t]he consumer also states [s]he did

10  not file two claims and no tre[es] fell on the neighbors property and the status of the claim is

11  closed."  *Id.* (citing Sixth Am. Compl. ¶ 23, Ex. O).  As defendant argues, "[t]he reports

12  themselves disclose that [defendant] did not falsely report anything."  *Id.*

13       Plaintiff responds stating that defendant falsely "verified to ChoicePoint that Liability

14  Claim #659372536602 occurred on the same day [as the fire claim] because a tree fell to other

15  party."  ECF No. 116 at 6.  Plaintiff contends that "[t]he inclusion of this false information of

16  fallen tree resulted in a liability claim."  *Id.*

17       While plaintiff's point is not entirely clear, it is clear (and plaintiff does not actually

18  dispute) that none of the reports at issue mentioned any fallen tree (other than plaintiff's

19  statement therein denying that a tree had fallen), and therefore defendant did not include an

20  alleged "false" report by defendant of a fallen tree.  *See* Sixth Am. Compl. ¶¶ 20, 23, Exs. M, N,

21  O.  Although plaintiff now argues that the "liability" claim in the reports is false since it was

22  based on defendant's false representation to ChoicePoint about a fallen tree, that argument is

23  simply contrary to assertions plaintiff has made in this action, and this court has acknowledged;

24  i.e. that a third party liability claim was in fact made by a neighbor due to damage resulting from

25  the 2005 fire.  *See* March 1, 2011 F&Rs, ECF No. 49, at 10 (adopted in full on March 31, 2011,

26  ECF No. 58) ("To the contrary, the documents reveal that defendant reported that one fire claim

1    was made in 2005 and one third-party liability claim was made in 2005.  *See* Fourth Am.

2    Compl., Exs. E, J, K, N.  Plaintiff does not allege that such a report was false; rather, plaintiff

3    acknowledges that her neighbor also made a claim as a result of the fire on plaintiff's

4    property."); *see also* Pl.'s Opp'n to Def.'s Mot. to Dism., ECF No. 43, at 7, 8 (in which plaintiff

5    states that the June 2005 fire "caused damage to plaintiff's home and neighbor's backyard").

6    Since plaintiff has acknowledged that the 2005 liability claim itself was not false and was based

7    on a neighbor's claim of damage to his/her property as a result of the 2005 fire, her claim

8    predicated on the contradictory contention that defendant falsely told ChoicePoint that the

9    liability claim was based on a fallen tree, as opposed to other alleged damage to plaintiff's

10   neighbor's property, *see* ECF No. 123 at 5, necessarily fails.  Further, plaintiff does not and

11   cannot allege that the supposedly false statement (that the liability claim was based on a fallen

12   tree, as opposed to something else) resulted in any harm to plaintiff.  Therefore, plaintiff's claim

13   that defendant falsely reported a fallen tree claim, and all of plaintiff's causes of action which are

14   premised thereon, must be dismissed without further leave to amend.  *See Noll*, 809 F.2d at 1448

15   (while the court ordinarily would permit a pro se plaintiff to amend, leave to amend should not

16   be granted where it appears amendment would be futile).

17                           2.    False Report that the Fire Claim Was Still Open

18           Defendant also contends that plaintiff cannot proceed in this case by asserting that it was

19   "false" for defendant to report in 2010 that the fire claim was "open," because there is no

20   genuine dispute that plaintiff filed a third amended complaint against defendant in state court in

21   April 2008 seeking additional moneys on the fire claim, and in September 2009, was awarded a

22   small amount on her claim.  ECF No. 110 at 2; *see also* Def.'s Req. for Jud. Notice, ECF No.

23   111, Exs. B, D.[8]  Defendant contends that it made payments to plaintiff on October 9, 2009 and

24   _____

25           [8] The court grants defendant's request for judicial notice of the April 16, 2008 third
     amended complaint and the judgment after court trial filed in *Banga v. Allstate Insurance Co.*,
     Case No. FCS029694, Solano County Superior Court.  Fed. R. Evid. 201(b); *United States v.*
26   *Howard*, 381 F.3d 873, 876 n.1 (9th Cir. 2004) (stating that a court may take judicial notice of
     court records in another case).

1   January 19, 2010 in satisfaction of the judgment.  ECF No. 110 at 2; *see also* ECF No. 93 at 28-

2   31; ECF No. 119 at 3, n.1.

3          Plaintiff responds that once defendant paid plaintiff $63 on October 6, 2009 in

4   satisfaction of the state court judgment, "no issue was left between the parties to resolve

5   concerning the judgment"; therefore, defendant should not have reported to ChoicePoint in May

6   2010 that the fire claim was still open.  ECF No. 166 at 5.  Plaintiff contends that information

7   was false, and resulted in plaintiff being unable to buy a new insurance policy at a favorable rate.

8   *Id.*

9          In its reply, defendant notes that plaintiff neglected to mention that plaintiff appealed the

10  state court judgment, and that appeal was not resolved until November 8, 2011.  ECF No. 119 at

11  2; Def.'s Supp. Req. for Jud. Notice, ECF No. 120, Ex. A.[9]  Defendant contends that "[t]he

12  dispute over the amount owed on plaintiff's fire claim was very much alive in May 2010 when

13  [defendant] reported the fire claim was open."  ECF No. 119 at 3.  According to defendant, the

14  fire claim remained open as a result of the additional payment made to plaintiff on the fire claim,

15  and plaintiff's appeal of the state court judgment."  *Id.*  Therefore, defendant contends that

16  plaintiff's conclusory and inaccurate allegation that it was "false" to report that the fire claim

17  was still open in 2010 is insufficient to withstand defendant's motion to dismiss.  *Id.* at 3-4.

18         It is clear that plaintiff's claim must fail.  Although plaintiff claims that defendant falsely

19  reported in May 2010 that the fire claim was still open, there is no genuine dispute over the fact

20  that at the time that defendant reported that the fire claim was still open, the parties were

21  engaged in active litigation over that claim.  While that litigation was before an appellate court

22  rather than a trial, defendant was under the same obligations to preserve evidence and documents

23  and comply with all other duties under the policy until the matter was final as to all issues

24

25         [9] The court grants defendant's request for judicial notice of the docket sheet in *Banga v.*
    *Allstate Insurance Co.*, Case No. A1270005, California Court of Appeal, First Appellate District,
26  Division 2, indicating that plaintiff's appeal of the state court judgment was still pending in
    2011.

1  involved in the claim.  Although plaintiff alleges that defendant's report was "false," and the

2  court must take all of the factual allegations in the complaint as true, the court is not bound to

3  accept as true a legal conclusion couched as a factual allegation.  Here, plaintiff's allegation that

4  such a report was "false" is simply wrong and lacks facial plausibility.  Moreover, although

5  plaintiff argues that rather than using the word "open" with regard to the fire claim in May 2010,

6  defendant should have reported that the claim was "reopened," ECF No. 123 at 2-3, the

7  semantical characterization is of no moment.  The information furnished by defendant was not

8  false.  Further, plaintiff does not and cannot allege that use the word "open" instead of

9  "reopened" resulted in any harm to plaintiff.   Therefore, plaintiff's claim that defendant falsely

10  reported in May 2010 that the fire claim was still open, and all of plaintiff's causes of action

11  which are premised thereon, must be dismissed without further leave to amend.  *See Noll*, 809

12  F.2d at 1448 (while the court ordinarily would permit a pro se plaintiff to amend, leave to amend

13  should not be granted where it appears amendment would be futile).

14       Accordingly, IT IS HEREBY RECOMMENDED that:

15       1.  Plaintiff's claims based on defendant's alleged false report of a fallen tree and false

16  report in May 2010 that the fire claim was still open be dismissed without leave to amend; and

17       2.  The Clerk be directed to close this case.

18       These findings and recommendations are submitted to the United States District Judge

19  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

20  after being served with these findings and recommendations, any party may file written

21  objections with the court and serve a copy on all parties.  Such a document should be captioned

22  "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

23  within the specified time may waive the right to appeal the District Court's order. *Turner v.*

24  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

25  DATED:  August 27, 2013.

26                          EDMUND F. BRENNAN
                        UNITED STATES MAGISTRATE JUDGE