UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| KAMLESH BANGA, | No. 2:08-cv-1518-MCE-EFB PS |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| ALLSTATE INSURANCE COMPANY and DOES 1 through 10 inclusive, | |
| Defendants. | |

On August 27, 2013, the magistrate judge filed findings and recommendations, ECF No. 129, herein which were served on the parties and which contained notice that any objections to the findings and recommendations were to be filed within fourteen days.  After an extension of time, Plaintiff filed objections.  ECF No. 132.  Defendant filed a response.  ECF No. 133.  Plaintiff then filed a motion for leave to file a sur-reply accompanied by a sur-reply, ECF No. 136, Defendant filed an opposition, ECF No. 137, and Plaintiff filed a reply, ECF No. 138.  Plaintiff's motion to file a sur-reply, ECF No. 136, is DENIED on the grounds that it contains information available to Plaintiff that should have been provided to the magistrate judge well before the findings and recommendation were filed.

      The Court reviews de novo those portions of the proposed findings of fact to which objection has been made.  28 U.S.C. § 636(b)(1); McDonnell Douglas Corp. v. Commodore

1

1   Business Machines, 656 F.2d 1309, 1313 (9th Cir. 1981), cert. denied, 455 U.S. 920 (1982).  As
2   to any portion of the proposed findings of fact to which no objection has been made, the Court
3   assumes its correctness and decides the motions on the applicable law.  See Orand v. United
4   States, 602 F.2d 207, 208 (9th Cir. 1979).  The magistrate judge's conclusions of law are
5   reviewed de novo.  See Britt v. Simi Valley Unified Sch. Dist., 708 F.2d 452, 454 (9th Cir. 1983).
6          The Court has considered Plaintiff's objections and Defendant's response.  Additionally,
7   the Court has reviewed the applicable legal standards.  The Court adopts the findings and
8   recommendation with the following exception.  The findings and recommendations states "it is
9   clear . . . that none of the reports at issue mentioned any fallen tree (other than plaintiff's
10  statement therein denying that a tree had fallen), and therefore defendant did not include an
11  alleged 'false' report" of a fallen tree.  ECF No. 129 at 11.  However, as Plaintiff notes in her
12  objections, the Sixth Amended Complaint includes a C.L.U.E. report containing the following
13  language: "REGARDING DISPUTED CLAMS 06/05/05 ALLSTATE INS CO VERIFIED
14  THESE ARE TWO SEPARATE CLAIMS.  THEY STATED 06/05/05 (659372536602)
15  OCCURRED THE SAME DAY BUT INVOLVED LIABILITY.  A TREE FELL TO OTHER
16  PARTY.  PLEASE CONTACT THEM FOR FURTHE DETAILS."  ECF No. 91 at 101
17  (emphasis added).  Accordingly, the Court rejects the findings and recommendations to the extent
18  it finds that Plaintiff has failed to allege that Defendant made a false report of a fallen tree.
19  Nevertheless, the Court agrees that because there was a liability claim separate from Plaintiff's
20  fire claim, Plaintiff has not and cannot allege that the supposedly false statement that the liability
21  claim was based on a fallen tree, as opposed to something else, resulted in any harm to Plaintiff.
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

Accordingly:

1. Plaintiff's motion to file a sur-reply, ECF No. 136, is DENIED.

2. The findings and recommendations filed August 27, 2013, ECF No. 129, are ADOPTED IN PART and REJECTED IN PART as detailed above;

3. Plaintiff's remaining claims, which are based on Defendant's (1) allegedly false report of a claim based on a fallen tree and (2) allegedly false report in May 2010 that the fire claim was still open are DISMISSED WITHOUT LEAVE TO AMEND; and

4. The Clerk is directed to CLOSE THIS CASE.

IT IS SO ORDERED.

Dated: September 26, 2014

_____
MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT